MARY MEYERS v. HARVEY McQUEEN.

*Pleading—Bill of particulars—Breach of contract—Separate theories
—Election—Damages.*

1. Where a plaintiff's bill of particulars is framed upon two distinct theories, he should be restricted to one theory or the other in his proof.

2. Where damages for the breach of a contract are susceptible of detailed proofs, plaintiff should be required to furnish such proofs.

3. Where one item of a bill of particulars was for clothing for the plaintiff and her family, which she claimed the defendant agreed to furnish as part consideration for services to be rendered, she cannot recover on such item in the absence of evidence of a request by her for such clothing, and of its value, and that she needed the same.

Error to St. Clair. (Canfield, J.) Argued February 5, 1891. Decided April 17, 1891.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Avery Brothers,* for appellant.

*Thomas H. Murphy (Herman W. Stevens,* of counsel), for plaintiff.

McGRATH, J. This is an action of *assumpsit,* brought in justice's court. The plaintiff's declaration was verbal, and as follows:

"Plaintiff declares on all the common counts, and for work and labor performed, and especially on an agreement entered into on and about April 17, 1887, between plaintiff and defendant, by which the plaintiff agreed to keep house for the defendant, and, as recompense for the same, the said defendant agreed to pay all expenses of moving, and furnish the plaintiff and her two children

with clothes and with board for at least one year; and which agreement the defendant has failed to perform, to her damage three hundred dollars or under."

The defendant's plea was the general issue. Plaintiff claims that she made an agreement with the defendant, Mr. McQueen, in 1887, by which she was to go to Harsen's island to live there, and keep the farm-house on the defendant's farm for him, doing the housework at the house where the farm hands boarded, and that, as compensation therefor, the defendant agreed to furnish the plaintiff board there for herself and two minor children, and clothing for herself and said children, and that this agreement was to last and be carried out for at least one year; that she went to Harsen's island, and commenced to work under and carry out the agreement, and continued so to do until December 27, 1887, when, as she claims, she was unjustly discharged, and she claims damages from the defendant for his alleged violation of the terms of agreement.

The defendant, on the contrary, claimed that he had employed the son of the plaintiff, who was at work for him on Harsen's island, and at his suggestion the defendant called on the plaintiff, and made an agreement with her by which she was to move down to Harsen's island with the family and her household goods, and keep the house; that the defendant, McQueen, was to furnish her the house free of rent and fuel, and provisions for herself and minor children, as compensation for her services in keeping house and cooking the meals for the men, but that no definite time was fixed during which the agreement was to continue, except that it was understood that it should continue so long as plaintiff's son August remained in his employ. Defendant further claims that August quit his employ at his own desire, and after he had notified defendant of such desire, in December, and

that at the time of his leaving he had a full settlement with her and her son of all the matters between them, and took receipts from them.

The plaintiff's bill of particulars is as follows:

HARVEY MCQUEEN TO MARY MEYERS, DR.

For services from April 27, 1887, to Dec. 27, 1887, 36
   weeks, at $2 per week_____$72 00
For services of Louis Meyers, her minor son, 60 days,
   at 50 cents per day_____ 30 00
Use of furniture from April 10, 1887, to Dec. 27,
   1887, including bedding, linen, etc_____ 40 00
Damages for not keeping plaintiff and her children
   through winter, as per agreement.   Expense incurred
   by her keeping house and boarding herself and
   children:
Rent of house four months, at $3 per month_____ 12 00
Cost of clothing for herself and two children for
   summer of 1887 and winter of 1887-88_____ 80 00
Expense of groceries, fuel, etc., for 12 weeks, at $4
   per week_____ 48 00

MARY MEYERS, Plaintiff.

Plaintiff testified to the contract as claimed by her, and to her dismissal at the end of nine months without cause; that her minor son worked on defendant's farm at Harsen's island 50 or 60 days, and that his services were worth 50 cents per day; that she got no clothing, no bedding, no furniture from defendant; that her services were worth $2 per week and board; that when she went to the island she took her furniture with her, and that it was worth $40 for the time it was there; that she took some bags there, seven of which, worth 30 cents each, were lost; that she paid her fare back to Port Huron with $5, and $7 freight on her furniture, and paid for the wagon to take her freight to the house, and for two men to help; that she paid $3 per month rent after her return; that in eight days after her return she paid 50 cents for wood, and 50 cents for coal, and that the expense of boarding herself and children after her return was $3 per week.

The defendant, among other things, requested the court to instruct the jury as follows:

"1. One of the items of the plaintiff's claim is for clothes for herself and family, and with regard to that I instruct you that as there is no evidence that plaintiff or her family needed or asked any clothes during the year, and no evidence as to the value of the clothing needed by them, plaintiff cannot recover on such item.

"2. There is no evidence that the defendant authorized or knew of any work done by plaintiff's son Louis, and therefore she cannot recover for any such service."

The court refused both of these requests, and instructed the jury as follows:

"In this instance, if the defendant hired Mrs. Meyers to go down to Harsen's island in 1887, and work for him, and she was to receive as compensation for her services the board of herself and children, and also clothing as might be required, and if such employment was to be for a period of at least a year, and if you also find the plaintiff, Mrs. Meyers, under this arrangement, did go to work for the defendant, Captain McQueen, and remained in his employ until December 27, 1887, did her work faithfully and well, that then the defendant, on the son's account, and without good and sufficient cause, sent her away, she is entitled to recover from him such compensation as will reasonably remunerate her for the damage she is shown to have sustained."

"Now, gentlemen, in regard to the matter of damages, in case you find for the plaintiff, I say to you that the plaintiff should be allowed such a sum as under the evidence in the case will compensate her for the injuries she has shown to have sustained by reason of the failure of defendant to carry out the agreement with her; and in regard to that matter of damages you should consider carefully what the facts are in this case, and you should not go outside of the evidence and facts, in case you find for the plaintiff, in determining the amount of damages. In regard to the claim that is made by the plaintiff that she is entitled to recover for the work done by her minor son, if the defendant did not know of such services being performed, and they were not performed at his request or with his knowledge, then the plaintiff

cannot recover on account of those services at all. The law, under such circumstances, would not imply any undertaking on his part to pay for them.

"Now, there has been some evidence given in this case as to what Mrs. Meyers' services were worth there over and above the amount of her board, and that of her children, etc. . That is no basis upon which to render damages in this case, and you ought not to consider that testimony for the purpose of fixing the amount of damages.

"If you find for the plaintiff, the damages should be · such as, under the actual facts of the case, will compensate her for the injury she has sustained in view of the contract, what it was, and the benefits she had obtained and might have obtained under it."

The defendant excepted to the refusal by the court to charge as requested, and to the charge as given. The plaintiff's bill of particulars was evidently framed upon two distinct theories :

1. That, there having been a breach of the contract, plaintiff was entitled to recover for the value of the services rendered by her, the value of the services of her minor son, and the value of the use of her furniture.

2. That, there having been a breach, she was entitled to recover for the rent of her house and the cost of living for the unexpired portion of the contract, and the cost of clothing for herself and children for the entire term.

Upon the trial plaintiff made no election as to which theory she claimed to recover 'under, but offered testimony tending to support both. There was proof tending to establish the first, second, third, fourth, and sixth items of plaintiff's bill of particulars, but none as to the fifth item ; and the testimony regarding the fourth and sixth items was taken subsequent to that relative to the other items, and was admitted under objection and exception.

The court in its charge undertook to exclude consideration of the first three items of plaintiff's claim, and to

limit plaintiff's recovery to the damages suffered by the breach of the contract, but neglected to confine the jury in clear and explicit terms to the proofs regarding such damages, but left them to speculate upon all the testimony as to the damages suffered by her. Plaintiff should have been restricted to one theory or the other. Her damages for a breach of the contract were susceptible of detailed proofs, and in such cases such proofs should be required. Again, the defendant was entitled to have the jury instructed as requested by his counsel. It is unnecessary to notice severally the other assignments of error.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.