No. 15,236.

### EVANS v. THE ADAMS EXPRESS COMPANY.

NEGLIGENCE.—*Contributory.*—*Footman Standing in Carriage Way.*—*Injury from Carelessly Driven Vehicle.*—*Damages.*—Where one heedlessly stands in the carriage-way of a public street in a city, in the dark, and engaged in conversation, without using sufficient vigilance to discover a slowly-approaching horse and vehicle, he can not recover damages for injuries resulting from the inattention of the driver, it appearing that he was not observed by the driver before the collision.

SAME.—*Instruction.*—One who stands heedlessly, at night, in the carriage-way, on a public street, where it is known that horses and vehicles are liable to pass momentarily, without taking any precaution to avoid danger from persons riding or driving on the street, is guilty of negligence, and it is not error to so instruct the jury.

SAME.—*Contemporaneous.*—Where the negligence of two persons is contemporaneous, and the fault of each operates directly to cause the injury, the plaintiff can not recover if, by the exercise of ordinary care on his part, he might have avoided the injurious results of the defendant's negligence.

SAME.—*Collision in Public Street.*—*Resulting Injury.*—When a collision occurs in a public street by the united and contemporaneous negligence of two persons, neither can recover from the other for a resulting injury.

From the Gibson Circuit Court.

*A. P. Twineham, W. D. Robinson* and *L. C. Embree,* for appellant.

*C. A. Buskirk* and *J. W. Brady,* for appellee.

MITCHELL, C. J.—Evans sued the Adams Express Company to recover damages for injuries alleged to have resulted to him from being run over in a public street in the city of Princeton by a horse and wagon alleged to have been negligently driven by the agent or employee of the company.

There was a verdict and judgment for the defendant below. There is no controversy as to the facts. The evidence shows that about seven o'clock on the evening of November 12th, 1888, the appellant was standing on a cross-walk in a public

street of the city of Princeton, conversing with two acquaintances. After being thus engaged for a few moments, they stepped aside from the cross-walk and continued in the street, talking. The appellant stood in the street about eight feet from the curb near the margin of the travelled track over which horses and vehicles were accustomed to pass, there being, however, about thirty feet of space in the street over which a horse and wagon might have been driven without coming in contact with the appellant. It was after nightfall, but it was not so dark but that persons standing, or a horse and vehicle approaching on the street, could be seen. The Adams express company employed an agent at Princeton, who transacted its business for a stipulated price per month, and furnished his own horse and wagon, and employed a driver at his own expense to carry express packages and matter to and from the trains. The United States mail was also carried to and from the trains in the same wagon, and when not occupied in carrying express or mail matter, the horse and wagon were employed by the owner as opportunity offered for hire. On the evening in question the boy having the horse and wagon in charge received a sack of mail at the post-office, and while on his way with it received at another place a parcel which was to go by express. With the mail sack and express package in his wagon, the boy was pursuing his way to the depot, another boy occupying the driver's seat with him, the horse being permitted to walk at a moderate pace without being guided. When within about twelve feet of the place where the appellant and his friends were standing, the boy observed them, and seeing two of them move out of the way, and being playfully engaged with the other boy, he did not afterwards see the appellant until the wagon wheel struck and threw him to the ground, inflicting painful injuries upon his person.

The jury having found in answer to a special interrogatory that the appellant was not in the exercise of ordinary care at the time he was injured, it is proper to remark that no

question is made on this appeal relating to the liability of the express company for the negligence of the driver employed by the owner of the horse and wagon. *Wabash, etc., R. W. Co.* v. *Farver*, 111 Ind. 195.

At the proper time the plaintiff asked the court to give the jury the following, among other instructions :

" 12. The fact that at the time of the alleged injury the plaintiff was in the street, and not on the sidewalk or regular crossing for footmen, will not of itself preclude him from recovering, if you find that he was injured as alleged by the negligence of the driver of the vehicle in running it against and over him. An individual on a street of a city, whether he be on a side-walk, a foot crossing.or on a carriage way of such street, is bound to use only ordinary care to avoid injury, and whether such care has been used depends upon all the facts and circumstances surrounding the event."

This instruction relates to the subject of contributory negligence, and while we regard it as in some respects defective, we do not deem it necessary to point out wherein it is inaccurate, since even if it had been entirely correct it would not have been error to refuse it, because the court had sufficiently expounded the law to the jury covering the subject of contributory negligence.

We may remark, however, that it can not be said as a matter of law that standing in the carriage way of a public street in a city in the dark, and engaging in conversation without using sufficient vigilance to discover a slowly approaching horse and vehicle, may not preclude the recovery of damages for injuries resulting from the inattention of the driver. The degree of vigilance must always be in proportion to the danger which is reasonably to be apprehended from the situation in which one voluntarily places himself, and if a footman selects the carriage way of a public street as a place at which to hold converse with his friends after nightfall, he may know that the situation and occasion are such as to demand more than ordinary vigilance to avoid contact with ve-

hicles in the charge of inattentive drivers, who are not looking out to avoid footmen standing in the way.

The following instruction, given by the court, is complained of:

" 15. Where one knows of danger which threatens injury to himself, or where one voluntarily places himself in a dangerous place, as in a public street where horses and vehicles pass, and he can avoid such danger by reasonable exertion, his negligent failure to do so will prevent his recovery for an injury so incurred."

We are unable to discover any just ground of objection to the above instruction, and the same may be said of the one which follows, in which the court told the jury that:

" 18. To stand in a public street, knowing that it is where wagons and horses are liable to pass, and especially to stand in such a place at night, and to pay no heed to the danger of so standing, and take no care to avoid the danger of such a place, is not exercising reasonable care to protect one's self from the danger of such a place."

It is said that the instruction is erroneous, because it assumes that a public street, where horses and wagons are liable to pass, is a dangerous place.

The assumption contained in the instruction is that it is dangerous to stand heedlessly in such a place, especially at night. This is so according to the common observation and experience of mankind, and we are unable to see how the jury could have been misled by being so instructed.

When the facts assumed present a case in which the standard of duty is fixed and certain, or where the measure of duty as defined by law is the same under all circumstances, to omit the duty is negligence, and may be so declared by the court; or when, upon a given hypothesis, negligence is so clearly defined and palpable as to constitute negligence under all circumstances, it is the duty of the court to declare that if the facts assumed are found from the evidence, the conclusion of negligence follows as matter of law. It is for

the court to say whether or not upon a given state of facts negligence may or can reasonably be inferred, the jurors have to say whether or not the facts assumed have been proven, and whether when they are submitted to them by the court negligence ought to be inferred. *Wabash, etc., R. W. Co.* v. *Locke,* 112 Ind. 404 (421), and cases cited ; *Carver* v. *Carver,* 97 Ind. 497 ; *Woolery* v. *Louisville, etc., R. W. Co.,* 107 Ind. 381; Thomp. Neg., 1236.

For a footman to stand heedlessly at night in the carriage way, on a public street, where it is known that horses and vehicles are liable to pass momentarily, is so unusual that persons riding or driving along the street might well be thrown off their guard, and for one to do so without taking any precaution to avoid danger from persons riding or driving on the street is negligence. In effect this is what the court told the jury.

It is true that a footman about to cross a street is not held to the degree of diligence that is imposed upon a traveller at the crossing of a street by a railroad track. *Stringer* v. *Frost,* 116 Ind. 477.

It is, however, the duty of persons crossing, or about to cross, a public street on foot, to look and take proper precautions so as to avoid collision with approaching horsemen or vehicles.

We quite agree that if the driver of the express wagon saw the appellant standing in the street, it was his duty to turn out and not drive his wagon upon him, and if the facts presented a case in which it appeared that the driver, after seeing the appellant, had any reasonable ground to apprehend that he was not aware of the approaching wagon, and was unconscious of the danger that was imminent, a recovery would have been justified notwithstanding the antecedent negligence of the appellant. *Cincinnati, etc., R. W. Co.* v. *Long,* 112 Ind. 166 ; *Indianapolis, etc., R. W. Co.* v. *Pitzer,* 109 Ind. 179 ; Shearman & Redfield Neg. (4th ed.), section 61. One whose negligence has contributed to an accident

Evans *v.* The Adams Express Company.

from which he has sustained an injury, will not be debarred the right to recover if the defendant, after having discovered his peril, having also reasonable ground to believe him unconscious of danger, or unable to avoid it, might himself, by the exercise of ordinary diligence, have prevented the mischief which followed.

The ground upon which a plaintiff may recover notwithstanding his own negligence, is, that the defendant, after becoming aware of the danger to which the plaintiff was exposed, failed to use a proper degree of care to avoid injuring him. *Zimmerman* v. *Hannibal, etc., R. R. Co.,* 71 Mo. 476; 2 Am. & Eng. R. R. Cases, 191.

Such a case is not, however, presented by anything contained either in the instructions or the facts which appear in the record.

Where the negligence of two persons is contemporaneous, and the fault of each operates directly to cause the injury, the rule deducible from the authorities is that the plaintiff can not recover, if by the exercise of ordinary care on his part he might have avoided the injurious results of the defendant's negligence. *Mayhew* v. *Burns,* 103 Ind. 328; *Murphy* v. *Deane,* 101 Mass. 455; Bigelow Torts, 311.

Where a collision occurs in a public street by the united and contemporaneous negligence of two persons, neither can recover from the other for a resulting injury.

The facts and instructions bring the case clearly within the rule last above stated. What has already been said disposes of all the questions made, and demonstrates that no error was committed by the court which would justify a reversal of the judgment.

Judgment affirmed, with costs.

Filed Feb. 27, 1890.