## MOON *v*. QUICK.

1. APPEAL AND ERROR—DIRECTED VERDICT—SAVING QUESTIONS FOR REVIEW—REQUESTS TO CHARGE.

Failure to direct verdict for plaintiff in malpractice action *held*, not error where record does not disclose trial judge was asked to direct a verdict and plaintiff's attorneys submitted requests to charge which were given in a modified form and no claim is made that charge given was otherwise incorrect nor that there were errors in the admission of evidence.

2. MALPRACTICE—QUESTION FOR JURY—INJURY TO HAND.

Question for jury as to defendant physician's negligence *held*, presented by evidence in action for malpractice in treatment of injury to plaintiff's hand which was followed by infection and eventual amputation of forearm.

3. SAME—IMMOBILIZATION OF HAND—EVIDENCE.

Verdict for defendant physician in action for malpractice in treatment of injury to plaintiff's hand *held*, supported by, and not against the great weight of, evidence which showed that bandage which defendant claimed he applied and pain which would accompany movement would be sufficient to immobilize hand without specific advice to patient where immobilization was conceded to be proper treatment.

Appeal from Eaton; McPeek (Russell R.), J. Submitted April 7, 1938. (Docket No. 40, Calendar No. 39,866.) Decided June 6, 1938.

Case by Alva Moon against Phillip H. Quick for damages for alleged malpractice in the treatment of a wound. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*L. W. Beardsley* and *N. A. Cobb,* for plaintiff.

*Seth R. Bidwell (Douglas, Barbour, Desenberg & Purdy,* of counsel), for defendant.

BUTZEL, J.   About 10:30 a. m. on January 9, 1936, plaintiff cut the little finger and palm of his left hand with a meat saw.   About two and one-half hours later, he consulted defendant, a physician with long years of practice in Olivet, Michigan.   The size of the wound, among other facts in the case, is in dispute.   Plaintiff testified that the wound was only about one inch in length, while defendant claims, and plaintiff now admits, that it was almost two and one-half inches long.

Defendant sterilized the wound by thoroughly washing it with Dakin's solution and then used a disinfectant powder on it.   Two stitches were taken in the cut and the wound was bandaged.   Defendant testified that he placed a pad underneath the hand and then wound three or four feet of gauze around it to form what he called a figure eight bandage. He testified that the bandage extended to the wrist and bound all four fingers of the hand together, leaving only the thumb free.   Plaintiff and two other witnesses testified that only the wounded finger had been bandaged and that it was not supported by the other fingers.   Plaintiff claims that he was given no advice as to the care of the hand, but was merely told to return for further treatment, which he did. Defendant admits that he did not tell plaintiff that the hand should be kept quiet and should not be used. Plaintiff was able to, and did, use the injured hand in driving his own car and attending to the work around his farm.

Plaintiff visited defendant's office several times during the next two weeks.   Some time after the

wound failed to show signs of healing, defendant advised plaintiff to bathe the hand in hot water every two hours.  Plaintiff testified that he only did this several times a day.  The hand steadily grew worse, and defendant claims that on January 18, 1936, he told plaintiff that there was some infection in the wound and that he should go to a hospital, but that plaintiff stated he could not afford to do so.  Again on January 21st and January 23d, defendant claims he told plaintiff to go to a hospital.  Plaintiff and his wife testified that at no time did defendant tell him to go to a hospital, but that he went of his own accord on January 23d after defendant had admitted that the hand might be infected.  The following day, a surgeon removed two joints of the little finger.  Thereafter, the hand and arm became steadily worse, and on February 10th, the same surgeon who had removed the finger was obliged to amputate the forearm to prevent the infection from going any farther.

Plaintiff brought suit against defendant claiming that he was guilty of malpractice resulting in the loss of the arm.  The case was tried before a jury, which decided in defendant's favor.

Plaintiff, in his assignments of error, claims that the trial judge should have directed a verdict in his favor.  The record does not disclose that the judge was asked to direct a verdict, but on the contrary, requests to charge on the evidence were submitted by plaintiff's attorneys, and they were given in modified form.  Failure to direct a verdict for plaintiff was not error.  *McDonald* v. *Railway Co.,* 105 Mich. 659.  Appellant does not claim that the charge was otherwise incorrect nor is there any claim that there were errors in the admission of evidence.

Plaintiff's main claim of error is that the verdict is contrary to the weight of the evidence. The record discloses that a jury question was presented as to defendant's negligence. Four doctors testified that the treatment given plaintiff was proper and in accordance with the established practice in Olivet and like communities. One doctor testified to the contrary and another did not entirely exculpate defendant from blame. There was evidence that one doctor who testified in plaintiff's favor was related to one of his attorneys. All of the doctors agreed that proper treatment required immobilization of plaintiff's hand and two testified that the failure of defendant to advise plaintiff to keep his hand quiet and not use it for work was improper practice. However, there was testimony to the effect that defendant might properly have assumed that the bandage which he claims he applied, and the pain which would accompany movement, would be sufficient to immobilize the hand without specific advice to the patient. The verdict was not against the great weight of the testimony.

There was testimony to sustain the verdict of the jury, and judgment thereon is affirmed, with costs to defendant.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.