HERCEG v. WIDEMAN.

1. AUTOMOBILES—INTERSECTIONS—OBSERVATION.
   A motorist must look before entering a place of possible danger, such as crossing an intersection, and maintain observation while crossing.

2. SAME—CONTRIBUTORY NEGLIGENCE—FAILURE TO OBSERVE WHERE DANGER MIGHT BE EXPECTED.
   Motorist on east and west intersecting road who stopped before entering 20-foot southbound lane of north and south highway, crossed southbound lane and 30-foot strip between it and northbound lane in low gear while observing progress of approaching car in a street which intersected the other two streets from a northeasterly direction, but failed to observe defendant's car approaching in northbound lane at speed of 45 miles per hour until moment of impact, held, guilty of contributory negligence as a matter of law since he failed to observe where danger might be expected.

Appeal from Oakland; Doty (Frank L.), J.  Submitted June 14, 1939.  (Docket No. 72, Calendar No. 40,426.)  Decided September 5, 1939.

Case by Joe Herceg against Clayton Wideman for damages for injuries to person and property received in an automobile collision at an intersection. Verdict and judgment for plaintiff.  Defendant appeals.  Reversed without a new trial.

*Clarence L. Smith,* for plaintiff.

*Knight & Panzer,* for defendant.

SHARPE, J.  Plaintiff, on trial by jury, had verdict and judgment against defendant for damages which plaintiff sustained incident to an automobile collision at an intersection of highways within the city limits of the city of Pontiac.  At the close of plaintiff's proofs, defendant moved for a directed verdict.  This motion was denied.  After verdict, defendant moved for judgment *non obstante veredicto.*  This motion was denied.  In his appeal, defendant asserts that the trial court was in error in refusing to direct a verdict and to enter judgment notwithstanding the verdict for defendant on the ground that plaintiff as a matter of law was guilty of contributory negligence.

The collision occurred at the intersection of Telegraph road, Voorheis road and Winonah drive at about the hour of 4:45 p. m., on November 20, 1936. Telegraph road runs in a northerly and southerly direction and consists of two strips of concrete each 20 feet in width separated by a parkway or boulevard which is 30 feet in width.  The easterly strip of Telegraph road is for northbound traffic; and the westerly strip is for southbound traffic.  Voorheis road runs in an easterly and westerly direction and

intersects Telegraph road. Winonah drive runs in a northeasterly direction and intersects Telegraph road and Voorheis road on the east side of Telegraph road. The only building at the intersection of these roads is a gasoline station, located at the southeast corner of Voorheis road and the easterly strip of Telegraph road.

Plaintiff approached Telegraph road from the west and brought his car to a stop about two and a half feet from the westerly edge of the concrete of Telegraph road. He made an observation to the north for approaching traffic. He then looked to the south and saw no traffic for a distance of 600 or 700 feet. He then placed his car in low gear and entered the southbound lane of traffic and crossed that portion of it. As he was crossing the southbound lane of traffic, he observed a vehicle approaching the easterly side of Telegraph road on Winonah drive at a speed of 30 to 35 miles per hour. He also saw a car parked in the gas station above mentioned. Plaintiff continued to watch the car approaching from Winonah drive. He crossed, the parkway and entered into the northbound lane of traffic on Telegraph road. At this time, defendant's car was approaching from the south in the northbound lane of traffic on Telegraph road at a rate of speed of 45 miles per hour. Plaintiff continued to observe the car approaching on Winonah drive and did not see defendant's car until the moment of impact. As a result of the collision, plaintiff's car was badly damaged and plaintiff suffered severe injuries. The cause eventually came on for trial resulting in a verdict for plaintiff.

The only question calling for decision relates to the contributory negligence of plaintiff. Other facts helpful to decision are that plaintiff's rate of speed in crossing Telegraph road was between 5 and 6

miles per hour; that he could stop his car in a distance of 2 or 3 feet; and that he made no further observations to the south after entering Telegraph road from the west. The following special question was asked the jury: "At the time of plaintiff's observation to the south was the defendant's automobile within the space extending southerly from Voorheis road, which the plaintiff testified he observed?" The jury answered this question in the negative.

Plaintiff relies upon *Scurlock* v. *Peglow*, 263 Mich. 658. In that case we said: "As plaintiff entered the intersection, he made an observation which reasonably assured him there was no traffic approaching from the north within at least the 100 feet of his range of vision." In the instant case, plaintiff made no observation as he was about to enter the northbound lane of traffic.

We think this case is governed by *Carey* v. *De-Rose*, 286 Mich. 321, where we said:

"We have repeatedly held that one must look before entering a place of possible danger, such as crossing an intersection, and maintain observation while crossing."

See, also, *Zuidema* v. *Bekkering*, 256 Mich. 327; *Knight* v. *Merignac*, 281 Mich. 684; *Brown* v. *Lilli*, 281 Mich. 170; *Kok* v. *Lattin*, 261 Mich. 362.

In the case at bar, plaintiff traveled a distance of 50 feet before entering the northbound lane of traffic on Telegraph road without making any observation for cars approaching from his right. His observation of a car approaching on Winonah drive will not excuse failure to observe where danger might be expected.

The judgment of the lower court is reversed, without a new trial. Defendant may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.