LEMIEUX v. ONDERSMA.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—LEFT TURN OFF THROUGH HIGHWAY.

> Motorist who drove car and trailer on through highway at 2:30 p. m. of a clear, bright winter day and prior to making left turn off pavement onto county road testified road ahead had no oncoming traffic for distance of 2,000 feet and thereafter confined his attention to traffic conditions at rear and on either side until defendant's oncoming car which had been traveling 70 miles an hour was 10 feet ahead *held*, guilty of contributory negligence as a matter of law where driver edged over to left at an angle and traveled about 60 feet ahead and 12 feet left at speed of 2 miles an hour and made no further observation ahead.

Appeal from Kent; Brown (William B.), J. Submitted October 17, 1939. (Docket No. 59, Calendar No. 40,745.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Case by Peter N. Lemieux against Bert Ondersma for damages for personal injuries sustained in a motor vehicle collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Frederic T. Harward* and *Travis, Merrick & Johnson,* for plaintiff.

*Allaben & Wiarda,* for defendant.

NORTH, J. Plaintiff brought suit to recover damages for personal injuries resulting from an automobile accident caused by the alleged negligence of

defendant. On a trial before a jury he had a verdict for $3,000, upon which judgment was entered. Defendant appeals, claiming that the evidence established that plaintiff was guilty of contributory negligence as a matter of law.

On December 21, 1938, plaintiff was returning to the village of Dorr from Detroit, where he had attended market and had sold a shipment of celery. His automobile had attached to it a two-wheeled trailer. He was accompanied by a friend, Peter Walma, who was driving at the time of the accident, which occurred about 2:30 o'clock in the afternoon of a clear, bright day. The pavement was dry. The intersection was dangerous, especially for anyone making a left-hand turn. They were returning from Detroit on highway US-16, and when about 12 miles east of Grand Rapids approached the intersection of county road 611, known as the Whitneyville road. The highway is 20 feet wide at this point. Walma prepared to make a left-hand turn to the Whitneyville road, which intersects the highway in a southeasterly direction on an angle of about 45 degrees. The highway runs almost east and west at this junction. Preceding plaintiff's car was a large truck about 500 feet ahead. Behind plaintiff was a car following at a distance of about 100 feet. Plaintiff's driver looked in his driving mirror, observed the car behind, and put out his hand as a signal that he was going to make the turn. He made observations to his left for approaching traffic on the Whitneyville road. Before he started to turn to the left, he testified that he looked ahead to the west and there was no traffic within the range of his vision which was 2,000 feet. He started to turn, and after going about 60 feet at the rate of two miles per hour, on an angle to the left, and when the front wheels of his truck were two feet beyond the left edge of the highway,

he looked ahead and saw defendant's automobile
about 10 feet away, traveling at the alleged speed of
70 miles per hour. A collision resulted in which
plaintiff sustained serious injury.

From the time Walma made his first observation
to the west, he had proceeded a distance of 60 feet
ahead and about 12 feet to his left. Between the
time he first made his observation for approaching
traffic and the time he saw defendant's car 10 feet
away, there was an elapsed period of approximately
19 seconds. Within a second of the time of his first
observation defendant's car must have been within
Walma's range of vision and thereafter continued
within such range for a distance of 2,000 feet before
the collision.

The determining question in the case is whether
plaintiff's driver was negligent as a matter of law in
not seeing defendant in time to avoid the crash, and
in failing to make a further observation directly
ahead of him before he started to drive on the left
side of the highway.

US-16 is a through highway, connecting Grand
Rapids with Lansing and Detroit. Automobiles
travel at high speed thereon. The junction with the
Whitneyville road is approximately at the crest of a
long hill and wide curve in the highway. Fast traffic
was to be expected coming from plaintiff's rear as
well as proceeding towards him. The driver made
sure that he could turn safely as far as concerned
traffic behind him, which consisted at the time of the
automobile slowly following at a distance of 100 feet.
He also made sure of the conditions of the traffic on
the Whitneyville road to the left. But for approxi-
mately 19 seconds he made no observation for traffic
proceeding toward him. The only observation he
made for such traffic was while he was still on the
right-hand side of the highway. During the entire

period from the time he proceeded to drive on the left of the highway in the path of approaching traffic, although he was facing the approaching car and driving ahead a distance of 60 feet while edging on an angle about 12 feet to the left at the rate of two miles per hour, he made no further observation to the west. He did not look for the danger in the place where it was most likely to be.

Under these facts, we are of the opinion that plaintiff's driver was guilty of contributory negligence as a matter of law. His observations of the traffic behind him and of conditions to his left did not excuse his failure to make reasonable observation where the danger was most likely to be expected. See *Herceg* v. *Wideman*, 290 Mich. 52. On defendant's motion, the trial court should have directed a judgment of no cause of action in favor of defendant.

The judgment is reversed, without a new trial, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.