EBEL v. BRUZEWSKI.

1. AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — STANDING IN TRAVELLED PORTION OF ICY STREET.

In action for injuries sustained by plaintiffs when struck by defendant's car while they were standing in travelled portion of icy street near rear of their car which had just recently been involved in an accident and protruded into street as they were being interrogated by police officers investigating the previous accident, evidence *held*, to warrant finding they were not guilty of contributory negligence as a matter of fact or law.

2. SAME—NEGLIGENCE AS A MATTER OF LAW—ICE-COVERED WINDSHIELD.

In action for injuries sustained when defendant drove his car at speed of 25 miles an hour with only a peep hole in frost- and ice-covered windshield which afforded no view of position

Negligence of plaintiff in failing to make such reasonable observation of street as a reasonable man would have made under the circumstances, see 2 Restatement, Torts, § 289 (a) and comment (e); degree of attention to surroundings required of a person, see § 289 and comment (k); standard of conduct required to avoid being negligent is that of a reasonable man under like circumstances, § 283; function of court and jury on question of contributory negligence, § 476.

of plaintiffs who stood in travelled portion of street answering questions of police officers investigating previous accident in which plaintiffs had been involved, defendant *held*, guilty of negligence as a matter of law.

3. NEGLIGENCE—EXERCISE OF FACULTIES OF HEARING AND SEEING.

Ordinary prudence requires every person who is in the full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding the peril and failure to exercise such faculties will bar recovery for injuries that he might have discovered or avoided.

4. SAME—DISTRACTION—DISCOVERY OF PERIL.

Failure to exercise faculties of hearing and seeing in order to discover or avoid peril before attempting a dangerous act or operation may not bar recovery for injuries sustained from peril which might have been discovered or avoided, where the nature of surrounding circumstances or cause of being in a place of danger are such as would reasonably distract the attention of a prudent person from peril.

Appeal from Bay; McCormick (James L.), J. Submitted January 7, 1941. (Docket Nos. 19, 20, Calendar Nos. 41,374, 41,375.) Decided March 11, 1941.

Separate actions of case by Alexander Ebel and Emma Ebel against Chester Bruzewski for injuries received on being struck by an automobile. Cases consolidated for trial and appeal. From judgment for plaintiffs and denial of motions for judgment for defendant, defendant appeals. Affirmed.

*Clark & Henry* (*Paul Harvey*, of counsel), for plaintiffs.

*Arthur J. Kinnane*, for defendant.

WIEST, J. These two cases involve the same issues, except as to the measure of damages, and,

upon trial before the court, each plaintiff had judgment.

Shortly after 12 o'clock the morning of November 27, 1938, plaintiffs were riding in an automobile in Bay City when there was a collision with another car. They were not injured but their car was damaged and came to rest at the street curb, with the rear nearly the length of the car in the street. Police officers appeared upon the scene to investigate and, while plaintiffs were standing in the street near the rear of their car talking with one of the officers, defendant's automobile came along, struck and injured them.

Upon review, defendant contends that plaintiffs were guilty of contributory negligence in needlessly standing in the traveled portion of a busy city street, in the night time, beside their unlighted car, with their backs toward traffic approaching upon an ice-covered way, and they failed to establish exercise of due care under the circumstances.

The fact that defendant's automobile struck plaintiffs and not their automobile shows that plaintiffs were in the street beyond the length of their car. This, however, is not decisive of any issue in the case. Plaintiffs were at least close to the rear of their car and were there answering to an investigation conducted by the police relative to the collision which threw their car to the street curb. During the progress of such investigation the policeman was questioning them at the position on the pavement where they were struck and, if they had given the matter of their position consideration, they might well have rested assured that, while answering the policeman, they might rely upon his protection against traffic on the street. At least, the fact they were being interrogated by the policeman was enough to distract their attention from their position.

The circumstances of plaintiffs being where they were struck bars a holding that they were guilty of contributory negligence as a matter of law and, we think, the evidence warranted a finding that they were not guilty of contributory negligence as a matter of fact.

Defendant's negligence is not questioned, nor could it be under his testimony. The windshield of his car was covered with frost and ice, leaving only a peep hole which afforded no view of the position of plaintiffs in the street, nor did he see them. He drove blindly down the street at a speed of 25 miles per hour.

"Ordinary prudence requires every person who is in the full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding the peril. He is bound to look and listen, and if he fails to do so he will be barred of recovery for injuries that he might have discovered and avoided. For example, to stand in the carriageway of a public street at night, engaged in conversation, heedless of horses and vehicles that are passing, is held to be such negligence as will prevent recovery for injuries resulting from being thrown down by a wagon the driver of which did not see the person injured." 20 R. C. L. p. 113, citing *Evans* v. *Adams Express Co.,* 122 Ind. 362 (23 N. E. 1039, 7 L. R. A. 678).

There are exceptions to this rule and one is where the nature or cause of his being in a place where, ordinarily, he should use his sense of sight, the surrounding circumstances are such as will reasonably distract his attention, such as in this case in answering the inquiry made by the police officer. See 20 R. C. L. p. 115.

In such case it cannot be said that the failure to look is negligence as a matter of law but, rather, a question of fact.

The judgments are affirmed, with costs to plaintiffs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.