BATCHELOR *v.* FAMOUS CLEANERS & DYERS, INC.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   Plaintiff in action for personal injuries has burden of proving defendant guilty of negligence and himself free from contributory negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Since there are no precise rules by which acts of contributory negligence may be measured, each case must depend upon its own peculiar facts.

3. SAME—EXERCISE OF FACULTIES OF HEARING AND SEEING.
   Ordinary prudence requires every person who is in the full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding the peril and failure to exercise such faculties will bar recovery for injuries that he might have discovered or avoided.

4. AUTOMOBILES—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Pedestrians are bound to take notice of the dangers incident to the public travel on highways and while they have a right to assume that motorists will use ordinary care for pedestrians' protection, pedestrians may not rest content on that assumption and take no care for their own safety.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.
   Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.

6. SAME—ORDINARY CARE—DEFINITION.
   Ordinary care is the care which an ordinarily prudent person would exercise under the same or similar circumstances and is usually a question of fact.

Standard of conduct to which plaintiff must conform, see 2 Restatement, Torts, §§ 283-285, 463, 464; contributory negligence a question of fact for the jury, § 434, comment c; function of jury in determining causal relation between negligence and harm, § 465.

7. AUTOMOBILES—COAL DELIVERYMAN—USE OF STREET IN MIDWINTER
  —CONTRIBUTORY NEGLIGENCE.

> Where evidence shows that in mid-January plaintiff, a coal
> deliveryman, had his truck parked in street 26⅓ feet wide
> which was covered with 8-inch coat of snow over ice and, while
> gathering up the last wheelbarrow load of coal which had
> fallen on the ground, was struck by defendant's light truck
> which driver was unable to stop or turn out of rut although
> proceeding at speed of about 15 miles an hour and it appears
> plaintiff did not take precautions for his own safety nor hear
> defendant's truck horn blown about 50 feet away, plaintiff
> was properly found guilty of contributory negligence as a
> matter of fact, his duty to use care for his own protection
> being no less than that of an ordinary pedestrian.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 4, 1945. (Docket No. 39, Calendar No. 42,881.) Decided February 20, 1945.

Case by Philip Batchelor against Famous Cleaners & Dyers, Inc., for personal injuries sustained when he was struck by defendant's truck. Judgment for defendant. Plaintiff appeals. Affirmed.

*Alexander, McCaslin, Cholette & Buchanan,* for plaintiff.

*Cary & BeGole,* for defendant.

SHARPE, J. This is an action for personal injuries resulting from a collision with an automobile.

The essential facts are not in dispute. On January 19, 1943, plaintiff was hauling coal for the Champion Fuel Company. He was directed to deliver five tons of coal to a residence at 3523 Wabash street in the city of Detroit. He arrived at this home about 10 a.m., and found a car parked in front of the residence and one parked a short distance to the south thereof. He parked his truck

parallel with the car parked to the south of the residence; and proceeded to unload the coal from the rear end of the truck into a wheelbarrow which he wheeled to the point of delivery. The street at the point where plaintiff unloaded the coal was 26⅓ feet wide.

During the day and night preceding the accident, there had been a very heavy snow storm leaving a slippery undercoating of ice covered by a heavy fall of snow on the street. At the time of the accident, cars were parked on both sides of the street leaving a single set of tracks down the middle of the street with ruts in the snow approximately 8 inches deep with ice underneath. Plaintiff parked his truck with the rear toward the north and the left wheels in the westerly rut in the street. At the time of the accident, he was standing north of his wheelbarrow which had been placed directly behind the truck. Plaintiff was engaged in gathering up the last of his load of coal which had fallen on the ground.

About this time, defendant's employee was driving south on Wabash street in a quarter-ton panel delivery truck used in delivering clothes which had been dry cleaned. He turned into Wabash street about one block north of where plaintiff had parked his truck. He was driving at a speed of about 15 miles per hour and continued at that speed until he was about 100 feet north of where plaintiff, with his back to the north, was engaged in raking up coal from the street. Defendant's employee attempted to turn out of the rut, but was unable to do so. He then applied his brakes and when 50 feet away from plaintiff sounded his horn. He was unable to stop his truck and ran into plaintiff causing him serious injury.

The cause was tried before the court without a jury. The trial court found under the circumstances

of this case that defendant's employee was not negligent in his operation of the truck and also made the following statement in discussing the contributory negligence of plaintiff:

"It must be assumed that the dangerous and slippery condition of the road was known to the defendant, as well as to the plaintiff, and that the degree of care which both were required to exercise was determined in part by the physical conditions. Due to the inconvenience or impossibility of unloading his coal truck in a place of safety at the curb, the plaintiff elected to choose the middle of the public street for that purpose. He put himself and his truck immediately in the only path which other vehicles could use, under the circumstances. For his own convenience he chose to work in a place which he must have known was extremely dangerous. Having done this he wholly neglected to keep any lookout for the dangers which he must have known were incident to his working in such a place. Having elected to perform his duties on what was equivalent, under the circumstances, to a railroad track, it became his duty to keep an alert lookout for approaching traffic and to anticipate, in view of the icy condition, that vehicles using the street would have difficulty in stopping quickly. He himself testified that he did not look for approaching vehicles at any time and did not hear the defendant's horn. On these undisputed facts it seems obvious to the court that the plaintiff failed to use that degree of care which the law imposes upon him for his own protection."

The trial court entered judgment in favor of defendant. Plaintiff filed a motion for new trial, alleging that the judgment is against the law and the evidence. The motion was denied. Plaintiff appeals and urges that defendant's employee was guilty of negligence in his operation of the truck at the time in question; and that plaintiff at the time he

was unloading and scraping up coal was in the same relationship to automobile traffic as any other pedestrian.

In negligence cases, plaintiff has the burden of proving that defendant was guilty of negligence and that plaintiff was free from contributory negligence. See *Fish* v. *Railway*, 275 Mich. 718. In the case at bar, we shall assume, but without so finding, that defendant was guilty of negligence in the operation of the truck. The sole and remaining question relates to the contributory negligence, if any, of plaintiff. We realize the impossibility of laying down precise rules by which we may measure all acts of contributory negligence. Each case must depend upon its own peculiar facts.

Plaintiff relies upon *Marth* v. *Lambert*, 290 Mich. 557, and *Ebel* v. *Bruzewski*, 296 Mich. 654, in support of his claim that he was free from contributory negligence.

In the *Marth Case, supra,* plaintiff stopped his car by the side of the road, went around to the rear to measure the gasoline in the tank. As he stepped out of his car, he noticed defendant's car approaching from the south. When defendant was 200 feet away, plaintiff noticed that defendant was traveling in the center lane of a three-lane highway. Plaintiff then turned to the tank to measure the gasoline with his back to the oncoming car. At this point the defendant's car swerved in towards plaintiff and the door handle of defendant's car hooked plaintiff causing him severe injuries. We there said:

"When plaintiff alighted from his car to examine the gasoline tank, he then stood in the same relation to traffic as any other pedestrian."

We there held that the contributory negligence of plaintiff was a question of fact.

In the *Ebel Case, supra,* plaintiffs were riding in their car when they had a collision with another car. Their car was damaged and came to rest at the street curb. Police officers came to investigate and while plaintiffs were standing in the street near the rear end of their car talking to a police officer, defendant's automobile came along, struck and injured them. We there said:

" 'Ordinary prudence requires every person who is in the full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding the peril. He is bound to look and listen, and if he fails to do so he will be barred of recovery for injuries that he might have discovered and avoided. For example, to stand in the carriageway of a public street at night, engaged in conversation, heedless of horses and vehicles that are passing, is held to be such negligence as will prevent recovery for injuries resulting from being thrown down by a wagon the driver of which did not see the person injured.' 20 R. C. L. p. 113, citing *Evans* v. *Adams Express Co.,* 122 Ind. 362 (23 N. E. 1039, 7 L. R. A. 678).

"There are exceptions to this rule and one is where the nature or cause of his being in a place where, ordinarily, he should use his sense of sight, the surrounding circumstances are such as will reasonably distract his attention, such as in this case in answering the inquiry made by the police officer. See 20 R. C. L. p. 115.

"In such case it cannot be said that the failure to look is negligence as a matter of law but, rather, a question of fact."

While we have found no case in Michigan with facts similar to the facts in the case at bar, yet we have announced principles of conduct for drivers

of motor vehicles and pedestrians that are helpful in determining the question in the case at bar.

In *Carey* v. *De Rose*, 286 Mich. 321, we held that one must look before entering a place of possible danger. In *Herceg* v. *Wideman*, 290 Mich. 52, we held that one must make observations of the place at which danger might be expected.

In *Dubeau* v. *Bordeau*, 291 Mich. 418, we approved of the following instruction given by the trial court to a jury:

"Pedestrians are bound to take notice of the dangers incident to the public travel on highways, and especially is this true where automobiles are constantly passing and repassing."

In *People* v. *Campbell*, 237 Mich. 424, 432, we said:

"Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety."

We note that in the *Marth* and *Ebel Cases*, relied upon by plaintiff, the contributory negligence of plaintiff in each case became a question of fact to be determined by a jury.

In *Reedy* v. *Goodin*, 285 Mich. 614, 620, we said:

"Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion. * * * If plaintiff was in the exercise of ordinary care under all the circumstances, he was not guilty of contributory negligence; and what is ordinary care is usually a question of fact. It is the care which an ordinarily prudent person would exercise under the same or similar circumstances. The trial court determined

the facts under the testimony, he found defendant negligent and plaintiff free from contributory negligence, and there was testimony to sustain his findings.''

In the case at bar, plaintiff had been using the street for a period of about two hours for his own convenience in unloading the coal. The work he was engaged in did not prevent him from keeping some lookout for danger. He took no precautions for his own safety. We cannot say that at the time he was injured he owed any less duty for his own care and protection than an ordinary pedestrian. The question of plaintiff's contributory negligence was one of fact. There was competent testimony to support the decision of the trial court on this question.

The judgment is affirmed, with costs to defendant.

Starr, C. J., and North, Wiest, Butzel, Bushnell, Boyles, and Reid, JJ., concurred.