MOLITOR *v.* BURNS.

1. APPEAL AND ERROR—REQUEST TO DIRECT VERDICT.
    A trial court can not be in error in failing to direct a verdict for plaintiff where no request for such purpose was made.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    No precise rules can be laid down by which all acts of contributory negligence can be measured, and each case must depend upon its own particular facts.

3. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
    Negligence of decedent who had just been given a traffic violation ticket by police officers and was standing at left door of officers' car whose left wheels were 1 to 2 feet from right edge of pavement, when struck by defendant's negligently driven truck was a question for the jury and its verdict for defendant

Negligence of plaintiff's decedent a question of fact for the jury, see 2 Restatement, Torts, § 434, comment c; standard of conduct defined, §§ 283–285.

was not contrary to the great weight of the evidence since it can not be said that decedent, as a matter of law, was free from contributory negligence.

4. NEGLIGENCE—PRESUMPTION OF FREEDOM OF DECEDENT FROM CONTRIBUTORY NEGLIGENCE—EVIDENCE.

  Where there is testimony from which a trier of the facts may find that a decedent was guilty of contributory negligence, the presumption that he was free from contributory negligence does not exist.

Appeal from Antrim; Pugsley (Earl C.), J., presiding. Submitted April 15, 1947. (Docket No. 81, Calendar No. 43,729.) Decided June 27, 1947.

Case by Peter Molitor, administrator of the estate of Nelson L. Bard, deceased, against Peter Burns for damages resulting from decedent's death when struck by defendant's truck. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Austin J. Spalding* and *Robert B. Murchie,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendant.

BUSHNELL, J. Plaintiff's decedent, Nelson L. Bard, was a laborer employed in the woods near Roscommon. On June 20, 1945, at about 8:30 o'clock in the evening, Bard was driving north on US-27 with another man on their way to work in the woods. Trooper Sweet and Corporal Glassford were patrolling south toward Roscommon in a State police car. The officers noticed Bard's car coming toward them with only one headlight burning and turned around to investigate. Bard pulled off the highway and, while attempting to fix his headlight,

the State police pulled up about 3 feet behind him. Trooper Sweet got out and gave him a traffic violation ticket. As Sweet returned to his car, Bard followed him, partly opened the police car door, stepped inside the angle made by the open door, and began a conversation with driver Sweet. ·

While Bard was talking, facing east, a truck driven by defendant Peter Burns, approaching from the south, struck the half open door of the police car and threw Bard about 40 feet forward, his body landing in front of his own car. Bard never regained consciousness and died in the Grayling hospital at 2:55 o'clock the following morning. The Burns truck came to a stop approximately 236 feet north of the point of impact.

The police car, according to the officers, was standing on the shoulder of the road with its left front tire 22 inches from the edge of the pavement. According to Burns, the left wheels of the police car were about one foot on the pavement. The weather was clear and the pavement was dry. The accident occurred at about the middle of a straight, level stretch of highway where approaching cars could be seen a mile in either direction.

At the close of plaintiff's case, defendant, relying on *Ebel* v. *Bruzewski*, 296 Mich. 654, asked for a directed verdict on the ground that plaintiff had not established Bard's freedom from contributory negligence. The trial judge ruled, however, that this question should be submitted to the jury without prejudice to a renewal of the motion following the verdict. At the close of defendant's case, plaintiff did not ask for a directed verdict but did file certain requests to charge. At the conclusion of the charge the trial judge offered another opportunity by asking counsel, ''Is there anything I have overlooked?'' After the jury returned a verdict in favor of the

defendant, plaintiff made a motion for a new trial, which was denied.

On appeal, plaintiff argues that the court should have directed a verdict against the defendant as a matter of law. He contends that the jury should have been instructed that plaintiff's decedent was presumed to be free from contributory negligence except in so far as there was testimony by eyewitnesses to the contrary. He assigns as error the court's failure to instruct the jury that even though the open door of the police car did extend somewhat over the edge of the pavement, defendant was guilty of negligence in not observing the same. Finally he asserts that the verdict is contrary to the great weight of the evidence and that the court erred in denying the motion for a new trial.

Defendant testified that he had been drinking, and there seems to be no question as to his negligence. Decision turns on whether decedent was free from contributory negligence either by reason of the proofs or as a matter of law. It cannot be asserted that the trial court was in error in failing to direct a verdict for the plaintiff, because no request of this nature was made. *Moon* v. *Quick,* 284 Mich. 441. The trial judge's charge to the jury was a full and impartial statement of all the factual and legal issues presented.

The police officers testified that they heard the Burns truck approaching and could hear the "whining of the tires on the pavement." Bard, so far as they observed, did not look to the south or pay any attention, although it is reasonable to presume he also heard the on-coming truck.

No precise rules can be laid down by which all acts of contributory negligence can be measured, and each case must depend upon its own particular facts. *Batchelor* v. *Famous Cleaners & Dyers, Inc.,* 310

Mich. 654, 658. Decedent's contributory negligence was a question for the jury. *Pearce* v. *Rodell,* 283 Mich. 19; *Ebel* v. *Bruzewski,* 296 Mich. 654. This question was submitted to the jury under a proper charge. While we might have reached a different conclusion if we had been the triers of the facts, we cannot say, as a matter of law, that the verdict of the jury was contrary to the great weight of the evidence. *McDuffie* v. *Root,* 300 Mich. 286, 298.

Plaintiff did not request that the jury be instructed that his decedent was free from contributory negligence, although given an opportunity to do so at the close of the court's instruction. In the absence of such a request, failure to so charge is not error. *Stewart* v. *Eghigian,* 312 Mich. 699, 706; Court Rule 37, § 9 (1945). See, also, *Anderson* v. *Kearly,* 312 Mich. 566, 573.

Under the circumstances presented in this case the presumption of freedom from contributory negligence does not exist. *Fairchild* v. *Railway Co.,* 250 Mich. 252, 260.

This Court is not the trier of the facts and the instant record does not justify the substitution of our judgment for that of the jury. The judgment is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.