GUILMET *v.* CAMPBELL

1. APPEAL AND ERROR—JURY TRIAL.
   The Court of Appeals is not permitted to substitute its judgment of the record for that of a jury.

2. JUDGMENT—INTEREST ON JUDGMENT.
   Plaintiffs are entitled to interest from the date complaint was filed, where judgment on a verdict finding breach of contract is affirmed (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 February 5, 1969, at Lansing. (Docket No. 4,925.) Decided February 28, 1969. Leave to appeal granted June 4, 1969. See 382 Mich 758.

Complaint in counts of breach of contract and negligence by Richard A. Guilmet and Dorothy Guilmet against Kenneth N. Campbell and Joseph A. Arena for damages incurred as the result of a surgical operation performed by defendants. Verdict and judgment for plaintiffs on breach of contract count. Motion for judgment *non obstante veredicto* or for new trial denied. Defendants appeal. Affirmed.

*Condit, Denison, Devine, Porter & Bartush,* for plaintiffs.

*Patterson & Patterson, Barrett, Whitfield, Manikoff and White,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 834, 888, 890,
[2] 30 Am Jur, Interest §§ 46, 47,

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiffs brought this action to recover damages they allegedly incurred as the result of an operation on plaintiff Richard A. Guilmet by defendant doctors. Their complaint contained a count for breach of contract and a second count founded on negligence. The ensuing jury trial resulted in a verdict of no negligence, a finding of breach of contract and a damage award of $50,000. Judgment entered thereon and defendants appeal from the judgment and from an order denying their motion for a judgment *non obstante veredicto* or for a new trial.

After argument on defendants' motion for directed verdict, the trial court found that there were facts in the record which required jury submission of the contract issue. This finding was not clearly erroneous, GCR 1963, 517.1, and jury submission was proper.

In order to upset the jury verdict in regard to the contract, this Court would have to substitute its judgment of this record for that of the jury. This is not permitted. *Molitor* v. *Burns* (1947), 318 Mich 261, 265.

The award of damages is substantiated by the record, and the damages flow from the contract found to have been breached.

Under CLS 1961, § 600.6013, as amended by PA 1965, No 240 (Stat Ann 1969 Cum Supp § 27A.6013), plaintiffs are entitled to interest from the date complaint was filed.

Affirmed, with costs to plaintiffs.