SNAVELY *v.* DI JULIO.

1. TRIAL — DEFENDANT ENTITLED TO DIRECTED VERDICT ON PLAIN-
TIFF'S FAILURE TO MAKE A CASE.
   Under 3 Comp. Laws 1915, § 12628, where, at the close
   of plaintiff's case, no question of fact was presented for
   the jury and plaintiff had failed to make a case which
   would support a verdict, defendant was entitled, on his
   motion, to a directed verdict in his favor.

2. HUSBAND AND WIFE—PRINCIPAL AND AGENT—DIRECTED VERDICT.
   Where the undisputed evidence showed that a wife ran a
   candy store in which the husband had no interest, and
   that, without authority from him, she signed his name
   to a note for a piano to be placed in the store, he was
   entitled to a directed verdict in his favor, in an action
   on the note, in the absence of evidence of ratification.

3. SAME—TRIAL—RATIFICATION.
   Since defendant could not ratify an act of which he was
   ignorant, where the undisputed evidence showed that he ·
   did not know his wife had signed his name to the note
   until the action was commenced, the trial court was in
   error in submitting to the jury the question of ratification.

Error to Gogebic; Driscoll (George O.), J.    Sub-
mitted January 25, 1923.    (Docket No. 4.)    Decided
March 22, 1923.

Assumpsit in justice's court by Jessie L. Snavely,
administratrix of the estate of Fred P. Snavely, de-
ceased, against Antonio Di Julio for an amount due
on a promissory note.    There was judgment for
plaintiff, and defendant appealed to the circuit court.
Judgment for plaintiff.    Defendant brings error.    Re-
versed.

*Solomon W. Patek* (*Myron H. Walker*, of counsel), for appellant.

*Waples & Waples*, for appellee.

BIRD, J.    Plaintiff sued defendant for a balance of $125 and interest, which, it is claimed, was due on a $400 note given to plaintiff's intestate for a piano player.    The note was what is termed a contract note, which retained the title in plaintiff's intestate until the note was entirely paid.    Plaintiff had judgment and defendant assigns error.

It appears the defendant and his wife lived at Jessieville, a suburb of Ironwood.    Both are Italians, and defendant is employed in a near-by mine, and has been for 15 years.    He cannot read or write English and speaks and understands it somewhat imperfectly.    His wife, Agata, runs a candy store and the family lives above the store.    The wife has charge of and manages the store.    Plaintiff's intestate made the sale of the piano player to her on the installment plan.    When she was about to sign the note plaintiff's intestate said to her: "Sign your husband's name." In response to this, after some hesitation, she did so. Following this she made all the payments that were made until the balance due was reduced to $125.    She refused to pay more because she claims the piano was out of repair and plaintiff would not repair it, as her intestate had agreed.

At the close of plaintiff's case defendant moved for a directed verdict on the ground that plaintiff had not made a case which would support a verdict.    The proofs up to this point showed the wife signed the note, but no agency was shown, neither was any ratification by defendant shown.    The trial court denied the motion for the time and suggested to counsel "he had not rested his case."    Counsel insists that under

the following provisions of the statute he was entitled to a directed verdict at that time:

"Upon the trial of any case in any of the circuit courts in this State the defendant, upon the conclusion of the plaintiff's testimony, may request the court to direct the jury to bring in a verdict for the defendant, or make demurrer to the evidence, without resting his case absolutely." 3 Comp. Laws 1915, § 12628.

"Upon the refusal of the court to grant such motion, the defendant shall have the benefit of an exception as in ordinary cases, and without waiving such exception may then introduce testimony to make his defense upon the merits." 3 Comp. Laws 1915, § 12629.

We are impressed that this exception is well taken. At the close of plaintiff's case there was no question of fact in the case and we are also satisfied, from a study of the record, that there was no case for the jury at the close of all the proof, so it is not very important whether a directed verdict should have been had at the close of plaintiff's proof.

There was no authority shown upon the part of the wife to sign defendant's name to the note. It appears without contradiction that defendant did not know his name was signed to the note until the suit was begun. It appeared defendant gave his consent that his wife might engage in the business of running a candy store, and the proofs show that she did manage and control the business. It further appeared defendant did not know plaintiff's intestate until long after the sale, and that he never talked with him concerning it. It appeared from the testimony of defendant that he had no interest in the store and the wife testified to the same thing, and admitted she was not authorized to sign the note for defendant, and that she signed defendant's name instead of her own only because of the suggestion of plaintiff's intestate.

The question of ratification was submitted to the jury. There was no testimony to support a finding

of ratification. Defendant could not ratify an act of which he was ignorant. He did not know until suit that his name was signed to the note. He assumed that his wife made the purchase on her own account. We have examined the testimony which, it is claimed, was sufficient to submit to the jury on the question whether defendant ratified her act. Without taking the time to review it here, it will suffice to say we think it fell very far short of making a question for a jury. We think the trial court should have granted defendant's motion at the close of the plaintiff's case, and we are of the same opinion as to the motion to direct a verdict at the close of all the proofs.

The judgment will be set aside and a new trial ordered. Defendant will recover his costs in both courts.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.