## WASYLUK v. LUBIENSKI.

1. TRIAL—WAIVER—EFFECT OF INTRODUCING EVIDENCE AFTER RE-
   QUEST FOR DIRECTED VERDICT—STATUTES.

   The rule that defendant, having moved for a directed verdict at
   the close of plaintiff's proof, waived his right to have the
   case considered, after introducing testimony, as of the close
   of plaintiff's case, was changed by Act No. 182, Pub. Acts
   1899 (3 Comp. Laws 1915, §§ 12628, 12629).

2. EVIDENCE—WRITTEN CONTRACT MAY NOT BE VARIED BY PAROL.
   A written contract may not be varied by parol.

3. LIMITATION OF ACTIONS—ACTION BARRED BY STATUTE.

   A right of action, if any, which arose more than six years
   before commencement of action, is barred by the statute of
   limitations.

Error to Wayne; Murphy (Alfred J.), J. Sub-
mitted October 3, 1928. (Docket No. 16, Calendar
No. 33,867.) Decided December 4, 1928.

Assumpsit by Leo Wasyluk against Andrzej S.
Lubienski for money paid defendant to be deposited
in a foreign bank. Judgment for defendant on a
directed verdict. Plaintiff brings error. Affirmed.

*Harry J. Lippman,* for appellant.

*Anderson, Wilcox, Lacy & Lawson* (*C. J. Hud-
dleston,* of counsel), for appellee.

POTTER, J. Plaintiff, a foreign citizen temporarily
residing in Detroit, June 19, 1917, gave defendant
$1,419 to remit to the Russo-Asiatic Bank in Petro-
grad. The declaration alleges, and plaintiff testi-

fies, defendant was to obtain a deposit book and deliver it to plaintiff, and that he failed to do so. Suit was commenced November 22, 1923, 6 years, 5 months, and 3 days after plaintiff gave defendant the money to remit. Within a week after delivering the money to defendant, plaintiff started for Russia, arriving there in about three weeks. When he reached Russia the power of the Czar had been overthrown, Kerensky was dictator, and the Bolshevik revolution in progress. Plaintiff went to the Russo-Asiatic Bank in Petrograd and demanded his money. He was told by some one he would be hanged. The testimony does not show he demanded his money of any one in authority. Subsequently he made no effort in Russia to get the money. The Bolshevik revolution was successful. Subsequently the Russo-Asiatic Bank of Petrograd was taken over by the revolutionists and the deposits therein confiscated, though the bank continued in business some time after the plaintiff made demand for his money. There is nothing to show defendant did not remit the money to the Russo-Asiatic Bank as he agreed to do. The contract of defendant was in writing as follows:

"Andrzej S. Lubienski          Notaryusz Publiczny
1275–1277 Dubois Ul.                    Detroit, Mich.
No. 13558          Detroit, Mich., Jun. 19, 1917
    "Received of: L. Wasyluk,
    "For: (Foreign Currency) 6000 rouble to be remitted to Russo Asiatic Bank.
    "Residence: Petrograd, Russia.
$1419.00
                         "A. S. LUBIENSKI."

Plaintiff claims that defendant, having moved for a directed verdict at the close of plaintiff's proof, waived his right to have the case considered, after

introducing testimony, as of the close of plaintiff's case, citing *Denman* v. *Johnston,* 85 Mich. 387; *Kelso* v. *Woodruff,* 88 Mich. 299; and *Lynch* v. *Johnson,* 109 Mich. 640. The rule laid down by these cases was changed by Act No. 182, Pub. Acts 1899 (3 Comp. Laws 1915, §§ 12628, 12629).

Plaintiff discusses many other assignments of error. They have been considered, but, in view of the disposition of the case, are immaterial. The contract between the parties was deliberately put in writing. It cannot be varied by parol. Plaintiff's cause of action, if any, arose more than six years before the commencement of this suit, and is barred by the statute of limitations.

Judgment affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.