RICHARDS v. F. C. MATTHEWS & CO.

1. INDEMNITY—CONSTRUCTION—AGREEMENT TO SUSTAIN FROM LOSS
    IN BUSINESS.
        Agreement to sustain one from loss in business means net loss,
        if any, that remains after deducting those items that may
        properly be deemed profits from those of expenses, etc., that
        may be properly classified as losses.

As to right to judgment *non obstante veredicto* because of failure
of proof, see annotation in 12 L. R. A. (N. S.) 1021; L. R. A. 1916E,
828.

2. TRIAL—NEW TRIAL—DAMAGES—CONJECTURE—JUDGMENT NON OB-
STANTE VEREDICTO.

> On disputed question of fact, where there is sufficient evidence
> to justify jury's verdict for plaintiff, trial court should not
> set verdict aside; but where testimony is so incomplete, un-
> certain, and indefinite that jury's verdict can only be result of
> conjecture, trial court should enter judgment *non obstante
> veredicto* for defendant.

3. INDEMNITY—BURDEN OF PROOF.

> In action on oral contract to sustain plaintiff from loss in busi-
> ness, burden of proof to establish loss is on him.

4. SAME—DAMAGES—JUDGMENT NON OBSTANTE VEREDICTO.

> Where, in action on oral contract to sustain plaintiff from loss
> in business, there was verdict for plaintiff although testimony
> showed that no loss was sustained, judgment *non obstante vere-
> dicto* was properly entered for defendant.

Error to Kalamazoo; Weimer (George V.), J. Submitted October 7, 1931. (Docket No. 37, Calendar No. 35,498.) Decided December 8, 1931.

Assumpsit by Howard Richards against F. C. Matthews & Company, a Michigan corporation, on an oral contract to save plaintiff from loss under a refrigerator dealer's agreement. Judgment *non obstante veredicto* for defendant. Plaintiff brings error. Affirmed.

*Harry C. Howard,* for plaintiff.

*Knappen, Uhl, Bryant & Snow* and *Mason & Sharpe,* for defendant.

BUTZEL, C. J. On June 3, 1929, Howard Richards, plaintiff, entered into a dealer's agreement with F. C. Matthews & Company, a Michigan corporation, defendant, the distributor of "Frigidaire" iceless refrigerators for southwestern Michigan. The con-

tract gave plaintiff the exclusive right to sell "Frigidaires" and parts in Kalamazoo county. It set forth the discounts off the list price plaintiff would be entitled to, obligated him to look after the service of the "Frigidaires" of both former and prospective customers, and detailed the rights and obligations of the respective parties. The contract was in no sense one of agency. Plaintiff agreed to purchase Frigidaire units and parts on regular terms from defendant, and to maintain an independent business at his own risk and expense. The contract was for no definite term, each party reserving the right to cancel or terminate it at any time, with or without cause, by written notice to the other party. In that event, defendant had the right to repurchase at dealer's cost all unsold merchandise purchased by plaintiff from defendant.

Plaintiff claims he invested $4,000 in the business; that on August 12, 1929, he went to see F. C. Matthews, president of defendant company, and told him that the venture was unprofitable and that he desired to terminate the contract so as to avoid further loss; that thereupon Matthews persuaded him to continue, and he did so, upon Matthews' express verbal promise that defendant "would sustain plaintiff from all losses, so long as the written contract was in force." The present suit is based upon this alleged verbal promise.

On October 10, 1929, defendant gave plaintiff notice of termination, and five days later appointed another dealer who took over the dealership. Plaintiff claims in his declaration, as supplemented by his bill of particulars, that he sustained losses amounting to over $4,500 through being obliged to give free service to former customers, expend large amounts for service men, rent, agents, advertising, etc. Ac-

cording to his bill of particulars and testimony, part of this loss is made up of $1,274.49 drawn by him for living expenses, and $460 due to "salesmen underselling." These two items were excluded by the trial judge. Plaintiff's testimony in regard to some of the other items set forth in his bill of particulars is vague and uncertain. Defendant, on the other hand, claims that plaintiff realized a profit and sustained no loss whatsoever. It moved for a directed verdict, but the court reserved its decision. The jury rendered a verdict of $617.50 in plaintiff's favor. Upon a motion for a judgment *non obstante veredicto,* the court set the verdict aside, and entered a judgment in defendant's favor. In the motion for a directed verdict and judgment *non obstante veredicto,* the two main questions involved on appeal were presented. We need only consider one of them.

Even assuming that the verbal contract of indemnity claimed by plaintiff was a legal one, supported by a valid consideration, and not void for indefiniteness or lack of mutuality, we do not believe that plaintiff offered sufficient evidence of loss to support a verdict in his favor. In coming to this conclusion, we are reviewing the testimony in a light most favorable to plaintiff. An agreement to sustain one from loss in a business means the net loss, if any, that remains after deducting those items that may properly be deemed profits from those of expenses, etc., that may be properly classified as losses. The expenses testified to by plaintiff amounted to $4,002.26. He offered his "bookkeeping system" in evidence. It only shows a loss of $1,603.03 for the period of over four months during which the contract was in force. It shows profits from the sale of ten units in the month of June, 1929, but not any for the following three and one-half months. Plaintiff

does not explain why these profits were omitted. The contract provided for a profit or discount of 27 per cent. on each unit. Plaintiff admits that there were 38 or 39 units sold at an average price of $300 per unit. If the profit or discount of $2,349, or 27 per cent. on the sale price of 28 or 29 units omitted from plaintiff's bookkeeping system is included, it is obvious that there was a profit realized and not a loss. Plaintiff failed to prove his total receipts from sales, installation, and service charges. According to his testimony, there could not have been a loss. In an effort to reconcile plaintiff's figures, his counsel in his brief refers to the bill of particulars, which shows a loss of $4,751.44, and deducts therefrom the amounts withdrawn by plaintiff for living expenses, also the item for underselling by agents, and also a profit of 27 per cent. on 33 Frigidaire units. This would reduce the loss to $607.44, which, with interest, would be a trifle more than the amount of the verdict. In so doing, the profit on five or six units is omitted, as well as amounts charged for service accounts. In the bill of particulars, plaintiff claims a loss of $1,059.86 for the salaries of men employed in the service department. He also charges the sums of $375 and $149.61 as items of loss under the heading of ''service accounts.'' An itemized statement of these accounts shows that they consist almost entirely of charges for labor furnished for service. Plaintiff admitted that there was some duplication in these accounts. Were these items taken into consideration, the amount claimed by plaintiff's counsel as a loss would be more than entirely offset. The account further does not take into consideration any sums received for service, nor does it show if there are any profits from the sale of parts. On a disputed question of fact, where there is sufficient evi-

dence to justify the verdict of the jury in a plaintiff's favor, a trial court will not set aside the verdict. However, where the testimony is so incomplete, uncertain, and indefinite so that a jury's verdict can only be the result of conjecture, and a proper analysis of such testimony shows that the verdict should have been in defendant's favor instead of plaintiff's, the trial court should enter a judgment *non obstante veredicto* in defendant's favor. It was incumbent upon the plaintiff to give sufficient data, facts, and circumstances from which the jury might find the actual loss, if there was one. The burden of proof to establish the loss was upon plaintiff. This he did not sustain. *Meyers* v. *McQueen*, 85 Mich. 156; *Dolomite Limestone Products Co.* v. *Kennedy-Van Saun Manfg. & Eng. Corp.*, 241 Mich. 279; *Mount Ida School for Girls* v. *Rood*, 253 Mich. 482 (74 A. L. R. 1325). On the contrary, the testimony shows that there was no loss sustained, and the judgment *non obstante veredicto* was properly entered.

The judgment of the lower court is affirmed, with costs to defendant.

WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred. SHARPE, J., did not sit.