SNYDER v. JOHNSON.

1. MOTOR VEHICLES—GUEST PASSENGER—IMPUTED NEGLIGENCE—INDIANA RULE.

In Indiana, negligence of automobile driver is not imputable to guest passenger.

2. WITNESSES—EFFECT OF CALLING ADVERSE WITNESS.

Party calling adverse witness for cross-examination under statute is bound by his testimony except as it was disputed.

3. TRIAL—DENIAL OF MOTION FOR DIRECTED VERDICT.
   Failure of trial court to grant motion for directed verdict was denial of it.

4. SAME—STATUTES.
   Where, in action for personal injuries, at time plaintiff rested her case there had been no showing of negligence on part of defendant, his motion for directed verdict should have been granted (3 Comp. Laws 1929, §§ 14307, 14308).

5. APPEAL AND ERROR—DENIAL OF MOTION FOR DIRECTED VERDICT.
   Review of denial of motion for directed verdict is to be had as of time it was made (3 Comp. Laws 1929, §§ 14307, 14308).

Appeal from Monroe; Root (Jesse H.), J. Submitted June 8, 1933. (Docket No. 69, Calendar No. 37,215.) Decided August 29, 1933.

Case by Opal Snyder against William K. Johnson, doing business as Wolverine Motor Freight Company, and John Rice for personal injuries received while a guest passenger in defendant Rice's automobile. Verdict and judgment for plaintiff against defendant Johnson. Judgment for defendant Rice. Defendant Johnson appeals. Reversed, without a new trial.

*Golden, Nadeau & Fallon,* for plaintiff.

*Don W. Van Winkle (Wm. F. Haas,* of counsel), for defendant Johnson.

FEAD, J. The action is for injuries sustained in a collision between a truck owned by defendant Johnson, driven by Gerald Mullen, and an automobile owned and driven by defendant Rice. The trial proceeded against both defendants but before a jury as to Johnson and before the court as to Rice. The court acquitted Rice and the jury convicted Johnson. The question is whether Johnson was entitled to a

directed verdict at the conclusion of plaintiff's proofs.

The collision occurred at night in Indiana, where the negligence of a driver is not imputable to his guest. Plaintiff was riding in Rice's car. The pavement was covered with ice. Each vehicle was running at a speed of about 30 miles per hour. The right wheels of the Rice car ran off the pavement. Rice turned back upon the pavement, his car skidded, was struck by the truck and plaintiff injured.

Plaintiff's evidence of the cause of the collision consisted of the testimony of herself and Mullen, whom she called as an adverse witness. His testimony was binding upon her except as it was disputed. *Swank* v. *Croff,* 245 Mich. 657. According to the testimony, Mullen saw the Rice car approaching on its own right side of the highway, he did not know it was not under control until it was about 10 feet from him, it skidded in front of his truck and he applied his brakes but was unable to stop. When plaintiff rested her case there had been no showing of negligence on the part of defendant Johnson.

At that time Johnson moved for direction of verdict. The court reserved the motion, to hear all the testimony. The failure of the court to grant the motion was a denial of it. Johnson is entitled to review of the motion and its denial as of the time it was made. 3 Comp. Laws 1929, §§ 14307, 14308. *Snavely* v. *Di Julio,* 222 Mich. 146; *Wasyluk* v. *Lubienski,* 244 Mich. 695.

Thereafter Rice and a passenger in his car testified in his behalf. No proofs were introduced in behalf of Johnson, although counsel for Johnson briefly cross-examined Rice. At the conclusion of the proofs Johnson's motion for direction was renewed and denied, and later his motion *non obstante* was denied.

Assuming that the Rice testimony raised a jury question of Johnson's negligence, nevertheless, as no such question appeared at the conclusion of plaintiff's case, and Johnson then was entitled to a directed verdict, the case must be reviewed without reference to the Rice testimony, under the cited statutes.

Judgment against Johnson reversed, with costs, and without new trial.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.