McDUFFIE v. ROOT.

1. TRIAL—MOTIONS FOR DIRECTED VERDICT—EVIDENCE.

   On defendant's motions for directed verdict, made at close of plaintiff's proofs and before submission of case to jury, plaintiff's testimony and legitimate inferences to be drawn from established facts must be viewed most favorably to plaintiff.

2. AUTOMOBILES—OVERTAKING VEHICLES—AVOIDANCE OF PEDESTRIANS AND HEAD-ON COLLISION.

   In action for injuries sustained by motorist when her car capsized in ditch after she had left pavement in order to avoid striking children walking on shoulder of two-lane pavement

and defendant's oncoming car which was attempting to over-
take another car and being driven in plaintiff's lane, defend-
ant's negligence was a question for the jury.

3. DAMAGES—PERSONAL INJURIES—PLEADING—EVIDENCE.

Rule that an injury must be specifically alleged or must be the
natural and necessary result of injury complained of in the
pleadings to justify the admission of evidence of such injury
does not prevail in Michigan, it being merely required that
the injury sought to be proved must be the natural result of
the injury complained of in the pleadings and, if the injury
can be traced to the act complained of, and is such as would
naturally follow from the alleged injury, it need not be
specifically averred.

4. SAME—EYE INJURY—PLEADING—EVIDENCE—SURPRISE.

Under declaration charging fracture of the skull, a severe bruis-
ing over the right frontal area, right lateral aspect of skull
and occipital region, and that plaintiff suffered a destructive
lesion in the central nervous system, medical testimony re-
specting injuries to plaintiff's eyes which could only follow
definite injury to the brain substance that were the natural
result of skull fracture and injury and lesion in central
nervous system, which testimony had been brought out in dep-
ositions taken some time before trial and on cross-
examination by the defendant, did not take defendant by
surprise and was admissible.

5. EVIDENCE—MEDICAL TESTIMONY—HEARSAY—EXAMINATION.

Testimony of physician that plaintiff had made certain com-
plaints when he examined her was admissible where physician
testified that he made the examination for the purpose of
determining what treatment could be given and not for the
purpose of preparing himself to testify in plaintiff's action
for personal injuries.

6. SAME—MEDICAL TESTIMONY—PATIENT'S DESCRIPTION OF PAIN.

A physician called to treat an injury, when sworn as a witness
in a suit to recover damages for the same, may state how
the patient described the pain from which she was suffering.

7. SAME—CONCLUSIONS OF WITNESSES—DISCRETION OF COURT.

Control of testimony stating conclusions of witnesses is largely a
matter of discretion with the court.

8. SAME—CONCLUSIONS OF WITNESSES—STATEMENT OF FACTS—
PREJUDICE.

Generally a witness should not be allowed to state conclusions,

but such rule is qualified and where a witness gives fully and definitely the facts upon which a conclusion is based, there is no presumption of prejudice.

9. SAME—OPERATION OF CAR—CONCLUSION OF WITNESS—STATEMENT OF SUPPORTING FACTS.

In action for injuries sustained in automobile accident, admission of testimony of plaintiff and another of her witnesses that she would have had room to travel along the shoulder of two-lane pavement or park her car on the shoulder if children had not been walking thereon and that if she had stopped in the traffic lane in which she had been travelling there would have been a head-on collision was not reversible error where the witnesses gave the facts upon which the alleged conclusion was based.

10. SAME—OPERATION OF CAR—CONCLUSION OF WITNESS—DISCRETION OF COURT.

In action for injuries sustained in automobile accident, testimony of one of plaintiff's witnesses that wheels on plaintiff's car in which witness was riding had caught in embankment and it took her down into ditch and that plaintiff had no control of her car after she had hit the soft grade constituted a statement of fact rather than a conclusion and its admission was within the discretion of the court.

11. WITNESSES—CROSS-EXAMINATION—DISCRETION OF COURT.

Isolated questions and answers on cross-examination must be considered in connection with the entire examination and are largely within the discretion of the trial court.

12. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

Failure to give requests to charge in the language used by defendant was not error as depriving jury of opportunity of finding that even though defendant was negligent, plaintiff could not recover if, after having discovered defendant's negligence, she continued on her course without paying any attention to the situation until too late when considered with instructions given jury relative to negligence, contributory negligence, burden of proof, preponderance of the evidence, proximate cause, operation of motor vehicles on the public highway, credibility of witnesses, weight and sufficiency of evidence, medical testimony, sudden emergency and other kindred, pertinent matters.

13. DAMAGES—FUTURE PAIN AND SUFFERING—EVIDENCE.

In an action for damages for personal injuries wherein plaintiff seeks recovery for future pain and suffering, plaintiff is re-

quired to prove that there is a reasonable certainty of such future pain and suffering.

14. SAME—FUTURE PAIN AND SUFFERING—EVIDENCE—HEAD INJURY —HEADACHES.

In action wherein plaintiff sought damages for future pain and suffering, the submission of such matter to jury was proper where there is testimony that, previous to accident wherein she received injury to head, plaintiff had never had headaches, that they began immediately thereafter and still continue, and medical testimony that in such cases patients get frequent headaches and disturbances of vision for months or years.

15. SAME—PERMANENT INJURIES—EVIDENCE—QUESTION FOR JURY.

The submission to the jury of the question of permanent injuries to plaintiff was proper where there was definite testimony by two doctors that plaintiff who had sustained injuries to the head would have permanent injury to the eye.

16. TRIAL—INSTRUCTIONS—DEFECTIVE BRAKES—EVIDENCE.

In action arising out of automobile accident, it was not error for court to instruct jury that there was no evidence of defective brakes on plaintiff's car where there is no evidence in record that her brakes were defective.

17. SAME—INSTRUCTIONS—PHYSICIANS' SERVICES—EVIDENCE.

Instruction that jury might find plaintiff's damages for physicians' services at any amount not to exceed a reasonable value of stated amount was proper where there is no question but that medical services were necessary and there was ample testimony as to their value and extent.

18. APPEAL AND ERROR—DENIAL OF MOTION FOR NEW TRIAL—REVIEW OF EVIDENCE.

On defendant's appeal from judgment upon verdict for plaintiff and denial of defendant's motion for new trial because verdict was contrary to the great weight of the evidence, Supreme Court must view evidence in light most favorable to plaintiff on the motion and, not being the trier of the facts, will not disturb trial court's denial of motion without very clear reasons for so doing.

19. AUTOMOBILES—VERDICT FOR PLAINTIFF—EVIDENCE—HEAD-ON COLLISION.

In action for injuries sustained by plaintiff, a motorist who sought to avoid a head-on collision with defendant's car in plaintiff's lane of travel on two-lane pavement and injury to

children walking on shoulder of road at right of plaintiff's lane of travel, evidence sustained verdict for plaintiff.

20. APPEAL AND ERROR—EXCESSIVE VERDICT—PREJUDICE—SYMPA-THY.

The Supreme Court is loath to disturb verdicts for personal injuries on the ground that the amount is excessive and will not substitute its judgment for jury's verdict unless verdict has been secured by improper methods, prejudice or sympathy or is so great as to shock the judicial conscience.

21. DAMAGES—SKULL FRACTURE—NERVOUSNESS—PAIN AND SUFFER-ING—PERMANENT INJURIES.

Verdict and judgment for $5,000 for skull fracture, brain injury, disturbance in central nervous system, painful injuries to other parts of the body, pain and suffering and permanent injury in addition to medical expenses was not excessive.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 8, 1941. (Docket No. 16, Calendar No. 41,646). Decided January 5, 1942. Rehearing denied February 11, 1942.

Case by Bessie L. McDuffie against Marcella Root for personal injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Remittitur filed by plaintiff. Defendant appeals. Affirmed.

*Harold H. Smedley* and *Robert Proctor, Sr.,* for plaintiff.

*Clifford A. Mitts, Jr.,* for defendant.

BOYLES, J. This is an action for personal injury claimed to have been caused by defendant's negligent operation of a motor vehicle on the highway. Plaintiff had verdict by jury for $10,000 which was reduced to $5,000 on motion for new trial, plaintiff consenting to the remittitur. On the remittitur and on denial of motion for new trial, judgment was entered for $5,000 which defendant reviews by general appeal, assigning 13 grounds for reversal.

On April 28, 1939, plaintiff was driving south on trunk line highway US-31 between Muskegon and Grand Haven. It was the middle of the afternoon on a clear day, the pavement was dry, and there was no southbound traffic in sight ahead of her. The road was a paved two-lane highway and at the place of the accident there was a gravel shoulder wide enough upon which to park a car. On the west side (plaintiff's right), the road sloped down from the shoulder into a ditch about three feet deep. There were several cars going north in the east lane of the pavement and there were four children walking on the gravel shoulder on the west side. Testimony as to the remaining facts is for the most part in direct conflict, except for the fact there was no actual collision between the two cars.

Plaintiff claims that the accident was caused because defendant pulled out of her northbound lane of traffic and traveled north on the wrong side of the road, attempting to pass a car ahead of her; that when defendant came over in plaintiff's lane, about 250 or 300 feet in front of her, plaintiff applied her brakes and pulled to her right to drive out on the shoulder which was occupied by four children returning home from school; that to avoid running them down plaintiff released her brakes and turned back to the pavement until she cleared the children and a mailbox close to them; that plaintiff then cut back west sharp on the shoulder; that defendant, then on plaintiff's side, passed without colliding, but that plaintiff was unable to get back on the pavement, the slope pulling her down, and her car hit the bottom of the ditch and rolled over, whereby plaintiff sustained serious personal injuries. Both cars were traveling about 45 miles an hour.

Defendant claims that as she was driving north, she came up behind another vehicle in her lane of traffic, observed traffic conditions to the north, saw

an automobile approaching about a quarter of a mile away, passed the vehicle ahead of her and pulled back to her own side behind another car when the approaching car was about 200 feet away; that when she pulled in behind the other car she noticed the approaching car zigzagging; that when it got about 25 feet away it seemed to be coming right at her on her side of the highway; that when the cars passed, plaintiff's running board and fender were on the black line in the center.

On the issues of fact, the jury found for plaintiff.

The grounds relied upon by defendant for reversal may be grouped as follows: (1) refusal to grant defendant's motion for a directed verdict; (2) prejudicial error in receiving testimony; (3) errors in refusing defendant's requests and in charging the jury; (4) that the verdict was contrary to the great weight of the evidence; (5) excessive verdict.

(1) Refusal to grant defendant's motion for a directed verdict:

At the conclusion of plaintiff's proofs and again before the issues were submitted to the jury, defendant appropriately moved for a directed verdict, which motions were denied. Plaintiff's testimony and the legitimate inferences to be drawn from established facts must be viewed most favorably to plaintiff. *Hale* v. *Cole,* 241 Mich. 624; *Thurkow* v. *City of Detroit,* 292 Mich. 617. Under this view, defendant while attempting to pass a car ahead of her drove into plaintiff's traffic lane, caused plaintiff to apply her brakes and attempt to pull off the pavement; plaintiff found the shoulder occupied by children; in order to avoid striking them she was compelled to turn back on the pavement where she passed the children and a nearby mailbox; then she turned abruptly back onto the shoulder where the slope pulled her car downward into the ditch where

it turned over; that this was done in order to avoid a head-on collision with defendant. Accepting plaintiff's version which was established to a considerable extent by the testimony of witnesses, defendant would be guilty of negligence and plaintiff free from contributory negligence. There was no error in refusing to direct a verdict.

(2) Error in receiving testimony:

Defendant claims the court erred in receiving testimony of injuries to plaintiff's eyes, on the ground that plaintiff's declaration was not broad enough to include this proof. The declaration alleged personal injury as follows:

"That plaintiff was seriously and permanently injured. That plaintiff's injuries consisted of the following: A fracture in the base of the skull; a severe bruising and laceration over right frontal area, and right lateral aspect of skull and occipital region; a bruising of the upper cervical vertebrae; a fracture of left fifth rib; a hematoma over lateral proximal surface of left thigh and left buttock; and a severe contusion of coccyx. That as a result of said injuries the said plaintiff suffered a great traumatic shock and a destructive lesion in the central nervous system, and generally became sick, sore, lame and disabled and suffered great pain from said injuries and still suffers pain therefrom."

In some jurisdictions it is held that an injury must be specifically alleged, or must be the natural and *necessary* result of injury complained of in the pleadings, to justify the admission of evidence of such injury. Such is not the Michigan law. In this State, it is merely required that the injury sought to be proved must be the *natural* result of the injury complained of in the pleadings. If such injury can be traced to the act complained of, and is such as would naturally follow from the alleged injury, it

need not be specifically averred. *Groat* v. *Detroit United Railway*, 153 Mich. 165. The declaration charged a fracture of the skull, a severe bruising over the right frontal area, right lateral aspect of skull and occipital region, and that plaintiff suffered a destructive lesion in the central nervous system. Medical testimony showed that plaintiff had an unnatural, large, unreacting left pupil, which could only follow definite injury to the brain substance; that the defect in the left eye was from a brain injury, more specifically a brain lesion than an eye lesion; that the pupillary reaction and discrepancy in vision was a permanent physical defect. There was also testimony of excessive lachrymation. This testimony was brought out in depositions taken some time before trial and on cross-examination by the defendant. According to the medical testimony, these injuries were the natural result of the skull fracture and injury, and the lesion in the central nervous system. The defendant was not taken by surprise and the testimony was admissible.

Defendant claims that it was error to admit the following testimony of Dr. Koehler:

"*Q.* You may state whether or not at the time you examined her she complained of having suffered pain in that place.

"*Mr. Mitts:* I object to any complaints, as superficial, hearsay and improper.

"*Mr. Proctor:* You may answer, yes or no.

"*A.* She complained of pain and difficulty of sitting ever since the time of her injury."

Defendant cites many cases to the effect that when a physician is not called in to aid or give medical treatment, but merely makes an examination for the purpose of testifying, the testimony of the doctor that the patient complained of pain is not admissible. However, that is not the case at bar. Although de-

fendant claims that the purpose of the examination was to prepare the doctor to testify, the testimony of the doctor was:

"I did not make that examination preparatory to being able to testify in this action which she had against Marcella Root. I made this examination for Mrs. McDuffie and not for any attorney, and not with any intention of testifying. The reason I do any examination is for the purpose of determining what treatment can be given."

Taking this testimony as true, as the court must have done when admitting the evidence, the case at bar is not within the rule cited by defendant. Rather, the case falls within the rule that a physician called to treat an injury, when sworn as a witness in a suit to recover damages for the same, may state how the patient described the pain from which she was suffering. *Ashton* v. *Railway Co.*, 78 Mich. 587 (4 Am. Neg. Cas. 91).

Defendant claims error on the ground that several witnesses were allowed to state conclusions. Control of such testimony is largely a matter of discretion with the court. Undoubtedly it is true that witnesses should not in general be allowed to state conclusions, although this rule is qualified (*Zuidema* v. *Bekkering,* 256 Mich. 327), and where a witness gives fully and definitely the facts upon which a conclusion is based, there is no presumption of prejudice. Plaintiff, after testifying fully as to the circumstances, was allowed to state she would have had room to travel along the shoulder if the children had not been there, that there was room to park a car on the shoulder, and that if she had stopped her car in the west lane of traffic there would have been a head-on collision. Another witness was allowed to testify to the same effect after fully stating the circumstances. In each of these instances, the witness

gave the facts upon which the alleged conclusion was based, making the statement more one of fact than a conclusion. Another witness who was in plaintiff's car at the time of the accident testified:

"Her wheels caught into this embankment and it took her down into the ditch. She had no control of the car after she hit that soft grade."

This sounds more like a statement of fact than a conclusion, and its admission was within the discretion of the court. *Vezina* v. *Shermer*, 198 Mich. 757. The other statements complained of might properly be considered statements of fact, and no reversible error was committed in receiving this testimony.

Defendant complains of the latitude allowed on cross-examination in relation to medical testimony. Isolated questions and answers on cross-examination must be considered in connection with the entire examination and are largely within the discretion of the trial court. We find no abuse of discretion in receiving testimony which would require reversal. *Miskiewicz* v. *Smolenski*, 249 Mich. 63.

(3) Error in charging the jury:

Defendant alleges error in the failure to give certain requests to charge in the language used by defendant. Defendant claims that the court "took away from the jury the opportunity of finding that even though defendant was negligent, plaintiff could not recover if after having discovered defendant's negligence, she continued on her course without paying any attention to the situation until it was too late." The court instructed the jury that negligence or contributory negligence might arise through acts of commission or through acts of omission, the latter being the failure to do something which an ordinarily prudent person would have done under like or

similar circumstances. The jury were further instructed that if plaintiff, in the exercise of reasonable care, could have brought her automobile to a stop and avoided the collision and failed to do so, or if she continued on when an ordinarily prudent person would not have followed that course, then she would be guilty of contributory negligence which would preclude her recovery. The law of the case in regard to negligence of the defendant, contributory negligence of plaintiff, burden of proof and preponderance of the evidence, acts of omission and commission, proximate cause, combined negligence of both parties, operation of motor vehicles on the public highway, credibility of witnesses, weight and sufficiency of evidence, medical testimony, duties of an ordinarily prudent person in the exercise of reasonable care, and duty when placed in a dangerous position or sudden emergency was fully and carefully explained to the jury by the court. Defendant's allegations of error in that connection are entirely without merit.

Defendant claims the question of future pain and suffering was not properly submitted to the jury. There was testimony that plaintiff never had headaches before the accident, that they began immediately after and still continue, and medical testimony that due to the head injury they might continue for an indefinite period, that in skull fractures patients get frequent headaches and disturbances of vision for months or years. A plaintiff is required to prove that there is a reasonable certainty of such future pain and suffering. *King* v. *Neller,* 228 Mich. 15. No error was committed in submitting the question to the jury.

Defendant alleges error in submitting the question of permanent injuries to the jury. There is

definite medical testimony in the record that plaintiff suffered permanent injury. A doctor testified:

"In my opinion, she will have a permanent injury to the eye—the left eye, and subjective evidence of injury to the brain."

Another doctor testified to the effect that plaintiff's pupillary reaction and discrepancy in vision was a permanent physical defect. It was proper to submit the question of permanent injury to the jury.

Defendant claims it was error to instruct the jury there was no evidence of defective brakes on plaintiff's car. We find no such evidence in the record.

There was ample testimony as to the value and extent of physicians' services and the jury was properly instructed it might find plaintiff's damages in that regard at any amount not to exceed a reasonable value of $125. There is no question but that the medical services were necessary and properly submitted to the jury.

(4) Was the verdict contrary to the great weight of the evidence?

We have examined at length the testimony adduced by both plaintiff and defendant. While it has no bearing upon the question of great weight of evidence, an almost equal number of witnesses were sworn by each party, many of them being eyewitnesses and testifying from direct knowledge as to the circumstances of the accident. There was a sharp conflict between witnesses as to their recollection of what happened. The jury reached the conclusion that plaintiff had established every necessary element, including the nature and extent of plaintiff's damages, by a preponderance of the evidence. The evidence must be viewed by us in the light most favorable to plaintiff on the motion for new trial. We will not disturb the trial court's de-

nial of the motion without very clear reasons for so doing. This court is not the trier of the facts. *Fabbro* v. *Soderstrom,* 252 Mich. 455; *Kosnicki* v. *Railway Co.,* 217 Mich. 245. The record would not justify substituting our judgment for that of the jury and we find that the verdict was not against the great weight of the evidence.

(5) Excessive verdict:

On oral argument, the defendant laid considerable stress on the claim that the judgment for $5,000 is excessive, even after a remittitur of $5,000 from the original verdict. There is no similarity between defendant's contention that the jury attempted to penalize defendant for attempting to introduce testimony that plaintiff had a venereal disease and those cases cited by defendant where the court attempts to cure improper instructions to the jury on questions of law by ordering a remittitur. The question before us is, whether the verdict and judgment of $5,000 is so excessive as to require that we find the court below abused its discretion in denying a new trial on that ground. Our holding in *Meyer* v. *Weimaster,* 278 Mich. 370, 382, applies equally to the case at bar:

"Our holding in *Watrous* v. *Conor,* 266 Mich. 397, is applicable. We said:

" 'Assuming even that our verdict might be in a different amount, we are loath to disturb verdicts for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.,* 239 Mich. 485. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels* v. *Smith,* 240 Mich. 671. No such showing has been made, nor were the verdicts so great as to shock the judicial conscience. *Sebring* v. *Mawby,* 251 Mich. 628.' "

In the case of *Sebring* v. *Mawby,* 251 Mich. 628, 629, this court said with approval:

"It has frequently been said by courts and text-writers that the award of the jury will not be dis-

turbed unless it is so great as to shock the judicial conscience, or unless it was induced by something outside of the evidence, such as passion or preju- dice.''

There was testimony of a fracture of the skull, a brain injury, a disturbance in the central nervous system, painful injuries to other portions of the body, pain and suffering and permanent injury, in addition to medical expenses. The verdict and judg- ment for $5,000 is well within the range of personal injury damages disclosed by the record.

Judgment affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.