TAYLOR *v.* BUTCHER.

1. Trial—Motion for Directed Verdict.
The failure of a trial court to grant a motion for a directed verdict constitutes a denial of it.

2. Appeal and Error—Directed Verdict—Review of Denial.
A defendant who moves for a directed verdict upon which motion decision is reserved by the court and appeals from verdict and judgment for plaintiff is entitled to review of the motion and its denial as of the time it was made (CL 1948, §§ 618.56, 618.57).

3. Automobiles—Intersections—Negligence—Evidence.
Evidence presented in plaintiff southbound motorist's action against defendant eastbound motorist whose cars collided at an open country intersection in the daytime *held,* not to show negligence of defendant.

Appeal from Hillsdale; Arch (Charles O.), J. Submitted June 6, 1957. (Docket No. 25, Calendar No. 47,151.) Decided September 4, 1957.

References for Points in Headnotes
[1] 53 Am Jur, Trial § 347.
[2] 3 Am Jur, Appeal and Error § 947.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1013.

Case by Ronald Taylor against Florence Butcher for damages resulting from automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Arthur R. Kosel,* for plaintiff.

*Kelly, Kelly & Kelly,* for defendant.

SMITH, J. This case involves a daylight collision, between 2 automobiles, at "an open country intersection." The plaintiff was driving south on Strait road, the defendant approaching from the west on Mosherville road. The record discloses no preference of one road over the other.

The plaintiff testified that as he "hit the intersection" he slowed to "5 or 10 miles per hour" (but could not be sure because he "wasn't looking at the speedometer"). He entered the intersection, after first ascertaining in his own mind that nothing was coming. He looked both ways but he "didn't see nothing." He turned to look ahead and started through the crossing. "When I started through—I don't know why—I glanced to the right and she was there." It was now too late to do anything; collision occurred. Plaintiff's car was demolished. It did not sell "exactly for junk" as a few parts could be salvaged.

The plaintiff's explanation of the accident was as follows:

"*Q.* Why didn't you see any traffic to the right of you?

"*A.* Well, the only thing I can figure, there was a slight dip in the road and she might have been coming up that.

"*Q.* There is a dip in the Mosherville road?

"*A.* Yes, sir.

"*Q.* Where is the crest of that dip that is towards the north? I mean towards the west, your right?

"*A.* I don't follow you, sir.

"*Q.* Where does the dip begin downwards?

"*A.* I would say approximately 75 ft.

"*Q.* Is it a very steep dip?

"*A.* No, just a slight dip but there's enough; it's possible not to see something.

"*Q.* And you are positive you saw no traffic?

"*A.* I am positive or I would have stopped.

"*Q.* Is the dip of such a nature that any car could hide behind that dip?

"*A.* I would say it is possible, yes.

"*Q.* And is it possible that there was the reason you didn't see any traffic on the road?

"*A.* That's the only thing I can figure.

"*Q.* When did you next see this car; when did you first see the car driven by Mrs. Butcher?

"*A.* Oh, within maybe 10 or 15 feet before she hit me."

Plaintiff also testified that he was in the center of Mosherville road before he first saw defendant. He stated that exhibit 2 (captioned "Camera in center of Strait road at north edge of black-top of Mosherville road, facing west. Crest of hill is 3/10ths of a mile west of center of Strait road") accurately represented the road on the day in question. "*Q.* At that point what you could see went clear down to the crest of the hill? *A.* You can see that from here." All of the "dip" referred to is clearly visible in the picture, being little more than a minor rolling depression in a country highway.

We have either quoted or summarized all of the testimony offered by plaintiff. It will be observed that we know nothing of defendant's conduct, of her speed, her manner of driving, or of her observations, or lack thereof. All that plaintiff establishes is that he first observed defendant when she was "10 or 15 feet" away and then he was struck. At this stage

of the proofs our comments in the case of *Manley* v. *Potts,* 286 Mich 671, 673, 674, are particularly appropriate:

"The only facts that could be legitimately found from the meager evidence presented would be that an accident occurred and that plaintiff was injured. The record is barren of any evidence even remotely tending to establish defendant's negligence, if any. * * * If defendant was negligent, the burden of presenting the necessary proof thereof rested upon plaintiff, and its absence was not to be supplied by a guess of the jury."

Defendant, at the close of plaintiff's proofs, moved for a directed verdict on the grounds that plaintiff had failed to sustain the burden of proof as to the negligence of the defendant or his freedom from contributory negligence. The trial court reserved decision under the Empson act (CL 1948, §§ 691.691–691.693 [Stat Ann and Stat Ann 1955 Cum Supp §§ 27.1461–27.1463]). The motion was renewed at the close of all the proofs and decision again reserved. The jury's verdict was for plaintiff in the amount of $1,500; motion was denied for judgment notwithstanding verdict and defendant appeals. Her first question in "Statement of Questions Involved"* is this: "Did plaintiff sustain the burden of proof as to defendant's negligence?"

We considered, in *Snyder* v. *Johnson,* 264 Mich 286, 288, 289, a similar question and then held as follows:

---

* This appeal, brought under the January 2, 1957, amendments, contains no reasons and grounds for appeal, the old Rule No 65, requiring same, having been eliminated in its entirety. "Under the new practice, the only point at which a statement of the claims of error is required is in the 'Statement of Questions Involved,' which is required as previously in the course of the preparation of the brief. Rule No 67, § 1," Honigman, Court Rules Amended, 35 Michigan State Bar Journal, November, 1956, pp 36, 39.

(For complete text of amendments see 347 Mich xiv, xv *et seq.*— Reporter.)

"At that time Johnson moved for direction of verdict. The court reserved the motion, to hear all the testimony. The failure of the court to grant the motion was a denial of it. Johnson is entitled to review of the motion and its denial as of the time it was made. CL 1929, §§ 14307, 14308.* *Snavely* v. *Di Julio,* 222 Mich 146; *Wasyluk* v. *Lubienski,* 244 Mich 695. * * *

"Assuming that the Rice testimony raised a jury question of Johnson's negligence, nevertheless, as no such question appeared at the conclusion of plaintiff's case, and Johnson then was entitled to a directed verdict, the case must be reviewed without reference to the Rice testimony, under the cited statutes."

We have reviewed the testimony in this essentially simple case at some length because of the fact that, in these cases, the issues of negligence and contributory negligence are primarily for the jury and we are reluctant to disturb its verdict. It is clear that the problem cannot "usually be one upon which the law can pronounce a definite sentence, and that it must be left to the sifting and determination of a jury." *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, 119; see, also, *Ohman* v. *Vandawater,* 347 Mich 112, 117. However, there are cases where the minds of reasonable men will not differ. In such cases there is no question for the jury. *Garbacz* v. *Grand Trunk Western R. Co.,* 323 Mich 7. As we stated in *Richards* v. *F. C. Matthews & Co.,* 256 Mich 159, 163, 164:

"On a disputed question of fact, where there is sufficient evidence to justify the verdict of the jury in a plaintiff's favor, a trial court will not set aside the verdict. However, where the testimony is so incomplete, uncertain, and indefinite so that a jury's

* See CLS 1956, §§ 618.56, 618.57 (Stat Ann 1955 Cum Supp §§ 27.-1036, 27.1037).—REPORTER.

verdict can only be the result of conjecture, and a proper analysis of such testimony shows that the verdict should have been in defendant's favor instead of plaintiff's, the trial court should enter a judgment *non obstante veredicto* in defendant's favor. It was incumbent upon the plaintiff to give sufficient data, facts, and circumstances from which the jury might find the actual loss, if there was one."

The case before us is similar. As we have noted, no evidence of the actions of the defendant which would amount to negligent conduct under the circumstances was introduced. We need not discuss the second question raised, plaintiff's freedom from contributory negligence, although much the same considerations apply.

Judgment reversed, without new trial, with costs to defendant.

Dethmers, C. J., and Sharpe, Edwards, Voelker, Kelly, Carr, and Black, JJ., concurred.