KASZA *v.* CITY OF DETROIT.

1. CARRIERS—BUSES—SUDDEN STOPPING—NEGLIGENCE—QUESTION FOR JURY.

Question of negligence of defendant bus driver in suddenly stopping bus and thereby injuring plaintiff passenger who was thrown backwards while walking in aisle toward vacant seat in rear of bus *held,* to have been a question for jury, where the sudden stoppage was because a lady came from the left and ran in front of bus and driver offered no explanation of why he had not seen her earlier on the well-lighted street some 70' wide where traffic was not heavy.

2. TRIAL—MOTION FOR DIRECTED VERDICT AT CLOSE OF PLAINTIFF'S PROOFS—EVIDENCE THEREAFTER RECEIVED.

The failure of the trial court to grant a motion for a directed verdict at the close of plaintiff's proofs constitutes a denial of the motion, but evidence thereafter received on issue of negligence which plaintiff had asserted caused her injuries was properly considered by jury.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted December 7, 1962. (Calendar No. 122, Docket No. 49,564.) Decided April 5, 1963. Rehearing denied May 9, 1963.

Case by Jean Kasza against City of Detroit, a municipal corporation, Department of Street Railways, for personal injuries sustained in fall when bus stopped abruptly. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Reversed and remanded for entry of judgment on jury verdict.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Motor Transportation § 151.

Motor carrier's liability for injury to passenger by sudden stopping, starting, or lurching of conveyance. 57 ALR2d 5.

[2] 53 Am Jur, Trial § 332 *et seq.*

*Michael A. Guest,* for plaintiff.

*Leo A. Sullivan* and *David Grainer,* for defendant.

Dethmers, J.   Plaintiff sues for damages resulting from injuries sustained while she was a passenger on defendant's bus.   She was walking in the aisle, facing the back of the bus, going to a vacant seat, when the bus suddenly stopped, causing her to be thrown backwards and injured.

At the conclusion of plaintiff's proofs defendant moved for a directed verdict of no cause for action on the ground that, as a matter of law, no proof of defendant's negligence had been offered by plaintiff. The trial judge indicated that he thought the motion well founded but believed the purpose of the Empson act* to be to permit introduction of defendant's proofs and the taking of a jury verdict in order to avoid a second trial in the event this Court's view of the applicable law differed from his.   The court, therefore, reserved decision on the motion under that act.   Defendant's motion for directed verdict was renewed at the conclusion of defendant's proofs, but not then granted.   The jury returned a verdict for plaintiff.   Thereafter, the court granted defendant's motion for judgment *non obstante veredicto* on the ground above mentioned.   Plaintiff appeals therefrom.   Defendant has taken no cross-appeal.

Defendant says, as the trial judge appears to have agreed, that plaintiff's proofs showed nothing further than a sudden stopping of the bus, without showing the attending circumstances or reasons therefor. Defendant then cites a number of cases for the proposition that this alone does not suffice to establish defendant's negligence.  *Longfellow* v. *City of Detroit,* 302 Mich 542; *Sherman* v. *Flint Trolley Coach,*

---

*  * CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.1461 *et seq.*).—Reporter.

*Inc.,* 304 Mich 404; *Bogart* v. *City of Detroit,* 252 Mich 534.

It happens, however, that after the court had reserved judgment on defendant's motion for directed verdict at the conclusion of plaintiff's proofs and the defendant proceeded with its defense and offering of proofs, that defendant's employee, the driver of the bus, was called by defendant to testify. He testified, *inter alia,* that he had applied the brakes of the bus suddenly because a lady came from the left and ran in front of the bus; that the street was well lighted and is about 70 feet wide; that traffic was not heavy; that when he first saw the lady she was about a foot in front of the bus and about halfway between the left front corner and the front center of the bus, headed toward the right side of the bus. He offered no explanation of why he had not seen her earlier. He testified that seeing her when and where he first did caused him to apply the brakes suddenly and that that caused plaintiff's fall and injuries. This, it seems to us, was sufficient to take to the jury the questions of the negligence of defendant's driver and proximate cause. *Mitcham* v. *City of Detroit,* 355 Mich 182; *Adelsperger* v. *City of Detroit,* 248 Mich 399; *Fish* v. *Grand Trunk Western Railway,* 275 Mich 718; *Routhier* v. *City of Detroit,* 338 Mich 449 (40 ALR2d 1114); *Wells* v. *Flint Trolley Coach, Inc.,* 352 Mich 35.

Defendant contends, however, that the proofs to be considered in the light most favorable to plaintiff (*McDuffie* v. *Root,* 300 Mich 286; *Indiana Lumbermens Mutual Insurance Co.* v. *Matthew Stores, Inc.,* 349 Mich 441; *Mitcham* v. *City of Detroit, supra,* 205) must be limited to proofs in the record at the time its first motion for directed verdict was made, namely, at the conclusion of plaintiff's proofs, citing *Taylor* v. *Butcher,* 349 Mich 581, *Snavely* v. *Di Julio,* 222 Mich 146, *Snyder* v. *Johnson,* 264 Mich 286.

A controlling question in the case, then, is whether, on review here, we judge the correctness of the trial court's entry of judgment *non obstante veredicto* on the most favorable view of the evidence at the conclusion of plaintiff's proof or of the evidence as the record stood when all the proofs were in both for plaintiff and defendant. The last above mentioned cases, cited by defendant, differ from the instant case in that there the defendants took the appeals.

In *Snyder* v. *Johnson, supra,* 288, and again in *Taylor* v. *Butcher, supra,* 585, it was held and this Court said concerning defendant's motion for directed verdict made at the conclusion of plaintiff's proofs, the following:

"When plaintiff rested her case there had been no showing of negligence on the part of defendant Johnson.

"At that time Johnson moved for direction of verdict. The court reserved the motion, to hear all the testimony. The failure of the court to grant the motion was a denial of it. Johnson is entitled to review of the motion and its denial as of the time it was made. CL 1929, §§ 14307, 14308.* *Snavely* v. *Di Julio,* 222 Mich 146; *Wasyluk* v. *Lubienski,* 244 Mich 695."

In this case the court reserved judgment on defendant's motion for directed verdict at the end of plaintiff's proofs. Under the above language this amounted to a denial of defendant's motion. But defendant has not appealed therefrom. In the *Mitcham Case,* under the same procedural situation as in the case at bar, plaintiff appealed from the judgment *non obstante veredicto* for defendant and defendant cross-appealed from the court's failure to grant its motion for directed verdict at the conclusion of plaintiff's proofs, thus preserving its right

---

* See CLS 1956, §§ 618.56, 618.57 (Stat Ann 1959 Cum Supp §§ 27.1036, 27.1037).—Reporter.

to have the matter judged in this Court as of the time and state of the record when that first motion had been made. In the instant case defendant has not taken a cross-appeal. The case is here only on plaintiff's appeal from the trial court's grant of defendant's motion for judgment *non obstante veredicto* made after all the proofs were in and the jury had rendered a verdict for plaintiff. Under such circumstances we review the judgment *non obstante veredicto* by taking the view most favorable to plaintiff of all the proofs in the case. So viewed, plaintiff had proofs sufficient to go to the jury on the question of the negligence of defendant's driver.

Judgment *non obstante veredicto* for defendant is reversed and the case remanded to the trial court for entry of judgment for plaintiff based on the jury verdict. Costs to plaintiff.

CARR, C. J., and KELLY, J., concurred with DETHMERS, J.

SOURIS, J. (*concurring in reversal*). I concur in reversal of defendant's judgment *non obstante veredicto* but, although agreeing with Mr. Justice DETHMERS' conclusion and generally with his reasoning, I cannot sign his opinion.

As I read Justice DETHMERS' opinion, he implies that *Mitcham* v. *City of Detroit,* 355 Mich 182, held that, by cross-appealing from the trial court's failure to grant its motion for directed verdict at the conclusion of plaintiff's proofs, defendant preserved "its right to have the matter judged in this Court as of the time and state of the record when that first motion had been made." It is quite true that the opinion signed by Justice DETHMERS in that case so said, but that opinion was not the opinion of a majority of this Court. On the other hand, Mr. Justice VOELKER's majority opinion in *Mitcham,* describing

the case as one in which our version of the doctrine of *res ipsa loquitur* applied, held that defendant's proofs, offered after denial of its motion for directed verdict, were subject to careful judicial scrutiny upon later renewal of defendant's motion for directed verdict and upon this Court's review. *Mitcham* v. *City of Detroit, supra,* pp 192, 193.

Granting that my difficulty with Justice DETHMERS' opinion goes to a collateral issue not essential to decision in this case, I deem it important to express my disapproval of what I consider to be an unwarranted modification of the salutary rule a majority of this Court so recently reaffirmed.

Subject to the foregoing, I concur in reversal and remand for entry of judgment for plaintiff on the jury's verdict. Costs to plaintiff.

BLACK, KAVANAGH, and SMITH, JJ., concurred with SOURIS, J.

O'HARA, J., took no part in the decision of this case.