HILLIKER *v.* JEWEL OIL & GAS CO.*

ON REHEARING.

1. TRIAL—NONJURY LAW CASES—STATUTES.
   Purpose of statute relative to trial of actions at law without
   jury was not to change orderly practice but, as near as may be,
   to have them tried and determined in the same manner as a
   jury case (3 Comp. Laws 1929, § 14265).

2. SAME—DEMURRER TO EVIDENCE—NONJURY LAW CASES.
   A motion for directed verdict, or demurrer to the evidence, is
   and has been a practice in jury trials and by virtue of statute
   such practice is applicable to trials of actions at law without
   a jury (3 Comp. Laws 1929, § 14265).

3. SAME—DIRECTED VERDICT—DEMURRER TO EVIDENCE.
   A motion for a directed verdict is, in effect, a demurrer to the
   evidence (3 Comp. Laws 1929, § 14307).

4. SAME—DIRECTED VERDICT—FUNCTION OF COURT.
   A court, in directing a verdict, makes a determination of ques-
   tions of law.

5. SAME—NONJURY LAW CASES—FUNCTION OF JUDGE.
   In the trial of an action at law without a jury, the trial judge
   sits in a dual capacity, he occupies the same relation to the
   facts as would a jury and his powers and duties as a judge re-
   main the same as in a jury case (3 Comp. Laws 1929, § 14265).

6. APPEAL AND ERROR—MOTION TO DISMISS AT CLOSE OF PLAINTIFF'S
   CASE—PLEADINGS—PROOFS.
   On appeal from motion to dismiss count in declaration on which
   plaintiff had elected to proceed, made at close of plaintiff's
   proofs, decision is based on the status of pleadings and proofs
   at time motion was made.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted June 10, 1936. (Docket No. 50, Calendar
No. 39,003.) Decided September 2, 1936. Submitted
on rehearing November 18, 1936. Decided on re-
hearing December 8, 1936.

Action by George A. Hilliker against Jewel Oil &
Gas Company, a Delaware corporation, H. Bruce

---

* See original opinion, *ante,* 96.

March, Frank J. Marxer, and others for fraud in the sale of stock in a proposed corporation. From judgment for plaintiff against defendants March and Marxer, they appeal. Reversed and remanded for entry of judgment for appellants on rehearing.

*Irving H. Smith,* for plaintiff.

*George H. Cross,* for defendants.

## On Rehearing.

Toy, J. We granted rehearing and requested counsel for briefs on the following question involved, not discussed in our original opinion, namely:

Whether on appeal, in a case tried without a jury, where motion for directed verdict had been made by defendant at close of plaintiff's proofs, this court, as a matter of practice, should pass decision on status of the case as when motion for directed verdict was made, or should we pass decision, as did trial court, on entire testimony and condition of pleadings at close of entire case.

If the former, the judgment will stand reversed; if the latter, then we must reverse our former decision and affirm the judgment below. This situation is extant, because, as we indicated in our first opinion (*ante,* 96), the testimony at the close of plaintiff's case did not make out an action of fraud; while the testimony at the close of proofs on both sides and the amendment of plaintiff's declaration then effected, did make an issue of fraud for determination.

3 Comp. Laws 1929, § 14265, provides (in part):

"Actions at law tried by the court without a jury shall be tried and disposed of in the same manner, as near as may be, as are actions tried with a jury."

It was the evident purpose of the legislature in its enactment of the foregoing statute, to change in no way the orderly practice then existent and to require "as near as may be" nonjury cases to be "*tried*" and "*disposed of*" in the same manner as a jury case.

A motion for directed verdict or demurrer to the evidence is and has been a practice in jury trials. By virtue of 3 Comp. Laws 1929, § 14265, such practice becomes applicable to cases tried without jury.

But, argues appellee, there is no jury to direct. True, but strictly speaking, the motion for directed verdict is in effect a demurrer to the evidence (see 3 Comp. Laws 1929, § 14307). The court in directing a verdict makes a determination of questions of law.

In a trial without jury, the trial judge sits in a dual capacity. He occupies the same relation to the facts in the case as would a jury, and his powers and duties as a judge remain the same as before, namely, to make rulings on questions of law and similar judicial acts. 64 C. J. p. 1189. Acting in his judicial capacity then, in the instant case, it became the duty of the trial judge to determine the motion for directed verdict.

We think our decision should be based on the status of the proofs and pleadings at the time the motion was made. *Snyder* v. *Johnson,* 264 Mich. 286.

Therefore, on rehearing, we do not depart from our decision herein formerly made. Costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.