CAMPBELL *v.* MICHIGAN CONSOLIDATED GAS CO.

1. GAS—OBSTRUCTION ON SIDEWALK—ABSENCE OF BARRICADE—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN.

In pedestrian's action against gas company for negligence in failing to provide a barricade so as to protect the public against protruding metal at legs of a red box alleged to have been used by defendant's employees and located on public sidewalk near where defendant was laying conduits, plaintiff was not guilty of contributory negligence as a matter of law in tripping over such legs where sidewalk was crowded at the time and other people walked ahead of her without stumbling.

2. SAME—DIRECTED VERDICT—OWNERSHIP OF OBSTRUCTION.

Where at time that defendant gas company moved for a directed verdict, plaintiff pedestrian who sought damages for personal injuries alleged to have been sustained when she tripped over the foot of a red box on the public sidewalk near where defendant and others were laying conduits, had failed to prove that such obstruction was the property of defendant or under its use or control, the verdict should have been directed for defendant.

Standard of conduct on part of plaintiff for own protection, see 2 Restatement, Torts, §§ 463–466.

3. APPEAL AND ERROR—DIRECTED VERDICT—PLEADINGS—EVIDENCE.
In passing upon propriety of action taken upon motion for directed verdict, decision should be based on the status of the pleadings and proofs at the time the motion was made.

Appeal from Wayne; Webster (Arthur), J. Submitted October 9, 1945. (Docket No. 41, Calendar No. 43,085.) Decided January 7, 1946. Rehearing denied March 5, 1946.

Case by Adelia Victoria Campbell against Michigan Consolidated Gas Company, a Michigan corporation, for personal injuries sustained when she fell over a piece of metal protruding from machine. Verdict and judgment for plaintiff. Defendant appeals. Reversed without new trial.

*John J. Temple* and *Charles A. Lorenzo,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant.

BUTZEL, C. J. Plaintiff Adelia Victoria Campbell brought suit against the Michigan Consolidated Gas Company. She alleges in her declaration that on August 28, 1937, she was proceeding north on the westerly side of Woodward avenue between Clifford and Grand River avenue in Detroit, and that, solely because of the negligence of the gas company, she was tripped by a piece of metal protruding from the foot or base of what she describes as a compressor or machine and with such force and violence that she was thrown to the sidewalk and suffered injuries. At the time the sidewalk of the avenue was crowded. The gas company and other utilities also were laying conduits. The record does not show the extent of plaintiff's injuries, medical ex-

penses, pain or suffering. However, there is no claim that the $1,000 awarded her by the jury's verdict was excessive. The trial judge held that it was not.

While the declaration alleges that she stumbled against a compressor, machine, obstruction, or object, the testimony on her behalf differs. Plaintiff and her two daughters and two granddaughters, who were all walking together, testified in her behalf. While plaintiff did testify that she was tripped by the protruding foot of the leg of a machine, the testimony in her behalf leaves absolutely no doubt but that the obstacle that tripped her was a red box. In fact, the other witnesses claim that they examined the obstruction against which she fell and described it as a red box 3 or 4 feet long and 4 feet high, and that it was lifted off the sidewalk immediately after the accident by four men. Plaintiff claims that defendant was negligent in not providing a barricade so as to protect the public against the protruding metal at the legs. Although the sidewalk was crowded at the time, people walked ahead of plaintiff without stumbling. She admits that she might have seen the box had she been looking down, but with the crowd walking ahead of her, it cannot be said that she was guilty of contributory negligence as a matter of law. Defendant's answer admitted that it had placed a compressor (not a box) at the time and place as alleged in the declaration. There was no testimony whatsoever in the presentation of plaintiff's proofs to the effect that the gas company *owned* or *had used* a box of any kind. The defendant made a timely motion at the end of plaintiff's proofs for a verdict of no cause of action but it was not granted. Subsequently a motion for a verdict *non obstante veredicto* was denied.

Defendant presented witnesses to show that it used no box of any kind, that there were other workmen who were resurfacing the street in the vicinity and also employees of another public utility who were either helping in the construction of new pavement or the proper placing of conduits or whatever was necessary to be set contemporaneously with the paving. All witnesses for defendant were defendant's employees with the exception of a member of the traffic division of the Detroit police department, and a permit inspector with the department of public works for the city of Detroit. These two testified that there was a compressor on the sidewalk and that there was a barricade painted with red stripes around it. Plaintiff claimed that she got some red paint on her shoe and she described the box as being red. The barricade itself was brought into court and pictures of the compressor, which was green, were also shown. Plaintiff was walking towards that end of the compressor having the grill work of the radiator, somewhat similar to that of a tractor. The compressor had large wheels with pneumatic tires on each side. The police officer testified that immediately after the accident plaintiff's daughter pointed to the compressor and stated that it was the object her mother had run into. He further testified that there were barricades around it. Another employee testified that he was not present and that whatever plaintiff tripped on was a compressor. After stating that his only investigation consisted of soliciting information from a subforeman, he was asked whether he did admit that whatever caused plaintiff to fall was an object of the gas company, and he replied in the affirmative. It was also shown that the tools were kept in a tool shed, but that the company did use tool carts, not a box, but that they were not red. The testimony of

an employee, upon stipulation of counsel, was read to the jury from the record of an earlier trial, to the effect that at the time of the accident they had one tool cart, not a box, which formerly was painted red. The case had been tried twice. In the opinion rendered by the trial judge on a motion for judgment *non obstante veredicto,* he stated that a question for the determination of the jury had been presented, but that he was frank to say that if he were called upon to decide the question as one of fact he would without hesitation say that there was no such machine as plaintiff's witness described; rather that the accident must have happened from the tripping against the side of a barricade standard. The judge, again, on motion for a new trial repeated that he would have come to a different conclusion from that of the jury but that he was bound by the verdict of the jury. The jury, in answer to a special question, found that she did not trip over the legs of a barricade standard. Plaintiff based her claim of negligence on the ground that there was no barricade.

A very careful reading of the record is quite convincing that the accident did not happen in the manner plaintiff described, and we agree with the judge to the extent that we would unhesitatingly decide that judgment should have been rendered for defendant. The query arises whether under those circumstances the judge should have granted the motion for a judgment *non obstante veredicto.* The judge stated that the case had been tried twice and he would let the verdict of the jury stand. Defendant contends that on the pleadings and record, defendant's motion for a directed verdict for no cause of action should have been granted at the conclusion of plaintiff's proofs, and that there was no evidence from which the jury could find that the

plaintiff's injuries were the proximate result of any negligence on the part of defendant. While plaintiff used the words "box or machine" they were modified by describing a box. In fact, the box was described by plaintiff's witnesses with considerable detail. There was not a single word of testimony at the close of plaintiff's proofs that defendant owned or placed a box at the place where plaintiff fell. Defendant in its answer admitted only that it had a compressor. at or about the place where plaintiff fell. It was incumbent upon plaintiff to prove before the conclusion of her proofs and before motion for directed verdict was made that the alleged box, the foot of which she claimed caused her to trip, was the property of the defendant or under its use or control. This she failed to do. The judge therefore should have directed verdict for defendant at the close of plaintiff's proofs. We said in *Snyder* v. *Johnson,* 264 Mich. 286:

"Assuming that the Rice testimony raised a jury question of Johnson's negligence, nevertheless, as no such question appeared at the conclusion of plaintiff's case, and Johnson then was entitled to a directed verdict, the case must be reviewed without reference to the Rice testimony, under the cited statutes."

And in *Hilliker* v. *Jewell Oil & Gas Co.,* 277 Mich. 615:

"Whether on appeal, in a case tried without a jury, where motion for directed verdict had been made by defendant at close of plaintiff's proofs, this court, as a matter of practice, should pass decision on status of the case as when motion for directed verdict was made, or should we pass decision, as did trial court, on entire testimony and condition of pleadings at close of entire case.  *  *  *

"We think our decision should be based on the

status of the proofs and pleadings at the time the motion was made. *Snyder* v. *Johnson,* 264 Mich. 286.''

And in *Turner* v. *Schmidt Brewing Co.,* 278 Mich. 464:

''The conclusion above indicated makes it unnecessary to pass upon other contentions of appellant. However, it may be noted that at the close of plaintiff's case no testimony had been introduced of Schmidt's authority to bind the defendant company; and on this ground defendant moved for a judgment at the time plaintiff rested. The motion was denied. Defendant claims the right of review on the record made at the close of plaintiff's case. In this connection see decision on rehearing of *Hilliker* v. *Jewell Oil & Gas Co.,* 277 Mich. 615.''

Judgment is reversed without a new trial, with costs to defendant.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.