HEARST PUBLISHING COMPANY, INC., *v.* LITSKY.

1. Guaranty—Contract Not Implied from General Agency.
    Authority to bind the principal by a contract of guaranty or suretyship is not ordinarily to be implied from the existence of a general agency.

2. Same—Express Contracts.
    A contract of guaranty or suretyship is extraordinary and unusual and so not normally within the powers accruing to an agent by implication, however general the character of the agency; ordinarily the power to enter into such a contract existing only if expressly given.

3. Contracts—Advertising—Intent.
    Contract whereby the defendant signer merely purported to guarantee payment for advertising placed with plaintiff did not constitute a contract for advertising upon which recovery might be based, such being obviously not its intent.

4. Guaranty—Authority of Agent.
    Defendants were entitled to judgment of no cause for action in nonjury action by newspaper publisher to recover sums for advertising, where contract of guaranty sued on was prepared by plaintiff's agent and record supports finding that plaintiff was not justified in believing that defendant's agent had authority to sign such a contract.

5. Trial—Nonjury Case—Motion for Judgment at Close of Plaintiff's Case.
    A trial court may enter judgment for defendants who rest without introducing testimony in a nonjury case, notwithstanding he had previously denied their motion for judgment at the conclusion of plaintiff's proofs (CL 1948, § 618.14).

References for Points in Headnotes
[1] 2 Am Jur, Agency § 90.
[4] 2 Am Jur, Agency § 354.
[5] 53 Am Jur, Trial § 1126.

Appeal from Wayne; Smith (Raymond L.), J., presiding. Submitted April 6, 1954. (Docket No. 14, Calendar No. 45,934.) Decided June 7, 1954.

Action by Hearst Publishing Company, Inc., a Delaware corporation, against Albert D. Litsky and Steven Williams, individually and as copartners, doing business as Re-Clean Distributing Company, for money claimed due for advertising services. Judgment for defendants. Plaintiff appeals. Affirmed.

*Butzel, Levin, Winston & Quint,* for plaintiff.

*Ferris & Warren,* for defendants.

KELLY, J. This is an appeal from an action at law, tried without a jury, wherein plaintiff, publisher of the Detroit Times, sought recovery of the sum of $4,032, claimed due it for 2 full-page advertisements printed in the Detroit Times on Thursday, March 15, 1951, and on Sunday, March 25, 1951. These advertisements dealt with a household cleaner called "Re-Clean."

At the conclusion of plaintiff's proofs defendants moved for a judgment of no cause of action. Their motion was denied. Defendants rested without introducing any testimony, and 2 days later the court filed its written opinion finding for the defendants.

William D'Arcy Cayton and Sidney D. Litsky were the only witnesses. The deposition of Mr. Cayton was taken in New York. He stated therein that he was president of Re-Clean Corporation, a New York corporation which manufactured the product "Re-Clean"; that he was also president of Cayton, Inc., a corporation engaged in the advertising business, which handled the Re-Clean Corporation's advertising program; that in June, 1950, he engaged

Sidney Litsky as a commission salesman; that in August of that year he made him Michigan distributor, and that he was also advised of the fact that the Re-Clean Distributing Company of Michigan had been formed. He was not questioned, and offered no testimony, in regard to the advertisements in the Detroit Times, other than to say that "neither Cayton, Inc., nor the Re-Clean Corporation authorized the insertion of those advertisements, promised to pay for them, delegated either of the Litskys to order the insertion thereof."

Sidney D. Litsky, called by plaintiff for cross-examination under the statute,* testified that he was employed by Re-Clean Distributing Company of Michigan at the time the advertisements ran in the Detroit Times. Nothing further appears in the record as to the nature of his employment. He stated that the mats for the advertisements had been sent to the Detroit Times direct from the Cayton advertising agency in New York and that from the time of running the first advertisement Mr. Long, the credit manager of Detroit Times, knew that New York was to pay for it. Mr. Litsky described a meeting he had with Mr. Long on the Friday before the Sunday insertion, when Mr. Long unsuccessfully tried to reach Mr. Cayton in New York by telephone. He identified exhibit 1, which, he stated, was prepared in Mr. Long's office, and which reads as follows:

"March 23, 1951

"Mr. E. A. Long, Credit Manager

"Detroit Times

"Detroit, Michigan

"*Dear Mr. Long:*

"Re-Clean Distributing Company of Michigan hereby guarantees payment at full national rates of any Re-Clean advertising placed with the Detroit Times.

---

* CL 1948, § 617.66 (Stat Ann §27.915).—Reporter.

This guarantee remains in full force and effect until you are notified in writing to the contrary. Any such revocation of this guarantee will affect only such advertising as runs on dates subsequent to the receipt of the revocation by the Detroit Times.

"RE-CLEAN DISTRIBUTING COMPANY OF MICHIGAN
"by SIDNEY D. LITSKY (Sgd.)
"Copartner"

The witness also testified that when Mr. Long gave him exhibit 1 to sign he called to Mr. Long's attention that he was not a copartner and that Mr. Long said he knew that but that he wanted this signed so he would have something for New York. Mr. Litsky further stated that he had no authority from the Re-Clean Distributing Company of Michigan to sign such a paper.

In *In re Union City Milk Co.,* 329 Mich 506, at page 513 (34 ALR2d 283), we said:

"Authority to bind the principal by a contract of guaranty or suretyship is not ordinarily to be implied from the existence of a general agency. In 2 CJS 1269, Agency, § 106, it is said:

" 'Such a contract is extraordinary and unusual and so not normally within the powers accruing to an agent by implication, however general the character of the agency; ordinarily the power exists only if expressly given.' "

The instant case fails to meet the test laid down in the *Union City Milk Case, supra.* Appellant contends that exhibit 1 is not a guarantee, and bases such contention on the fact "that neither Cayton, Inc., nor Re-Clean Corporation of New York authorized insertion of the advertisements or became liable to pay for them." The only proof in this record to sustain such a conclusion is the statement of Mr. Cayton in his deposition, as herein previously set forth. Exhibit 1 was not a contract for advertising. Such a contract would require merely the execution of an

order blank for the advertising involved. Exhibit 1 was prepared by appellant, and its context, including the use of the word "guarantee" or "guarantees" 3 times, made it a guarantee as definitely as though it had been so labeled.

The record justifies the statement in the trial court's opinion that:

"The court is unable to find from this record that plaintiff was justified in believing that Sidney D. Litsky had the apparent authority to guarantee payment of the advertising contemplated in exhibit 1. * * * Accordingly, the court finds that defendants are entitled to a judgment of no cause for action under both count 1, and count 2."

Neither can we agree with appellant's contention that when the court denied defendants' motion for a judgment at the conclusion of plaintiff's proofs, the court precluded a judgment of no cause of action after defendants rested without introducing testimony. See CL 1948, § 618.14 (Stat Ann § 27.994), and *Hilliker* v. *Jewel Oil & Gas Co.,* 277 Mich 615.

Judgment affirmed. Appellees may recover costs.

CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.

BUTZEL, C. J., did not sit.